MORRIS MULLER, Plaintiff, *v.* YETTA MULLER, Defendant.

Supreme Court, Special Term, Kings County, March 28, 1945.

*Milton M. Eisenberg* for defendant.

COLDEN, J. This is an ex parte application by the defendant for an order directing the Clerk of the County of Kings to enter a money judgment in favor of the defendant and against the plaintiff for arrears in alimony due and unpaid under the said judgment of separation in the sum of $2,462. The period covered by the arrears extends from June 25, 1940, to March 15, 1945, during which period the aggregate amount of alimony falling due was $2,952, on account of which plaintiff is credited

with the sum of $490, leaving a balance of $2,462. No notice has been given of this application to the plaintiff.

By chapter 431 of the Laws of 1939 the Civil Practice Act was amended by the addition of the new section 1171-b which established the procedure to be followed in relation to the enforcement of judgment or order of divorce or separation by execution. That new section provided: " Where the husband, in an action for divorce or separation, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court may make an order directing the entry of judgment for the amount of such arrears, together with ten dollars costs and disbursements. The application for such order shall be upon such notice to the husband as the court may direct. Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law."

This act took effect on September 1, 1939, and was amended by chapter 226 of the Laws of 1940 so as to make the provisions applicable to actions for annulment or declarations of nullity of void marriages in addition to actions for divorce and separation. Chapter 226 of the Laws of 1940 embraces amendments which were recommended by the Law Revision Commission (1940 Report of N. Y. Law Revision Commission, pp. 201, 212, 242, 249).

The defendant urges most strongly that she is not obliged to follow the procedure established by the Legislature in the amendments to the Civil Practice Act but may pursue the course indicated in such cases as *Thayer* v. *Thayer* (145 App. Div. 268), which was decided in 1911, *Jacobson* v. *Jacobson* (85 Misc. 253), which was decided in 1914, *Doncourt* v. *Doncourt* (245 App. Div. 91), which was decided in 1935 and in which the question of notice was not involved, and *Viall* v. *Viall* (261 App. Div. 880), in which the question of notice was not involved.

The defendant in her brief urges as a reason for not following the provisions of section 1171-b of the Civil Practice Act that " If the defendant were required to give notice, she would not know where to direct the service of the papers because undoubtedly the plaintiff would not accept service." There is nothing in the section which requires personal service upon the plaintiff. The section simply states that the application for the order shall be upon such notice to the husband as the court may direct, and it may be assumed that the court will direct that the service

shall be made in a manner in keeping with the particular circumstances which may be involved. According to defendant's affidavit she has received payments from the plaintiff as recently as December 6, 1944, and January 26, 1945, and it may be assumed that she at least knows her husband's mailing address or place of business. Experience indicates that the giving of notice to the husband permits him to claim credit before the court for any payments which he may have made and which may have been overlooked for some reason by the wife who seeks to enter judgment. To allow a judgment to be entered ex parte for an amount which is incorrect invites additional litigation and expense to the parties, which may readily be avoided by following the simple procedure provided by section 1171-b of the Civil Practice Act.

The motion is denied, with leave to renew upon compliance with the provisions of section 1171-b of the Civil Practice Act. Submit order.