## THERESA COLLINS v. CLIFFORD W. COLLINS

36 So. (2nd) 417                                      June Term, 1948.
July 27, 1948                                              En Banc

Reginald L. Williams, for appellant.
R. P. Terry, for appellee.

ADAMS, J.:

This appellant brought an action in Florida on a judgment entered in the State of New York. The basis of the foreign judgment was the accruals of alimony. When the accumulations reached $6850.00 a motion was made to the Supreme Court of New York to enter a final judgment for same. It is alleged in the declaration before us that the order for payment of alimony in the first instance by the New York Court was interlocutory; that when the last and final judgment was entered by the New York Court process was duly served on defendant; that said judgment was and is final, unpaid, unreversed and is entitled to full faith and credit.

A demurrer was sustained and upon entry of judgment plaintiff has appealed.

The first and controlling question submitted by both parties is whether the court erred in taking notice of the New York law. This record contains no allegations of the New York law. The lower court observed:

" . . . The Court finds under New York law the judgment herein sued on does not have the necessary characteristics to invoke comity, and recognition of the same, and is not of the

pattern to command full faith, credit and enforcement in this jurisdiction, . . . "

There may be found some authority for a court to notice the law of a sister state. See Wigmore on Evidence, 2 Ed. Vol. 5, page 582, Sec. 2573, and Paine v. Schenectady Ins. Co., 11 R. I. 411. But by more than a score of cases covering the entire history of this court and without a single exception we have held consistent with the great weight of authority that foreign law is a fact to be plead and proven. See 20 Am. Jur., Evidence, page 70, Sec. 47; Tuten v. Gezan, 18 Fla. 751; Duke v. Taylor, 37 Fla. 64, 19 So. 172; Cohen v. Cohen, 158 Fla. 802, 30 So. (2nd) 307, Barns v. Liebig, 146 Fla. 219, 1 So. (2nd) 247 and a host of cases in the interim.

We can see no reason at this time to assume the insurmountable burden of ascertaining the statute and case law of each of the several states. If we did, the contention undoubtedly would be made that we should also take notice of the law of each sovereign nation. When the contrary has not been alleged we have assumed the law of the other state to be the same as our own. Our holdings are consistent with settled principles of law and have served the interest of our state well. We shall not extend or depart from them now.

This declaration contains an unqualified allegation that the judgment is final. If for any reason the New York law is not the same as ours in this respect the defendant should have the opportunity of pleading such facts. In the absence of a contrary showing we presume the New York law is the same as our own. Duke v. Taylor and Cohen v. Cohen, supra. If the New York law is the same in effect as ours it would seem that this is the kind of judgment our court would hold to be final. Robinson v. Robinson, 154 Fla. 464, 18 So. (2nd) 29.

Our conclusion is that the declaration stated a cause of action and it was error to sustain the demurrer.

Reversed.

THOMAS, C. J., TERRELL, SEBRING, BARNS and HOBSON, JJ., concur.

CHAPMAN, J., concurs specially.

CHAPMAN, J., concurring specially:

The appellant, Theresa Collins, sued Clifford W. Collins in the Circuit Court of Dade County, Florida, and by her amended declaration, in part, alleged that the plaintiff-appellant was granted an absolute divorce from the defendant-appellee on June 13, 1935, in the Supreme Court of Otsego County, New York, and the divorce judgment ordered the husband to pay the sum of $50.00 per week for her support and the maintenance of the children of the parties. It is further alleged that a final judgment was obtained against the husband in the Supreme Court of Otsego County, New York, on January 31, 1947, a copy of which is attached to the declaration and identified as Exhibit C. The final judgment was obtained in the New York Court after due process of law and service of process upon the defendant-appellee, as required by said court in the said action then pending between the parties and the plaintiff recovered of and from the defendant a judgment in the sum of $6,850.00, together with $10.00 costs, and execution was directed to issue; that said judgment is a valid and subsisting final judgment of said court remaining in full force and effect and has not been reversed, set aside, satisfied, superseded or appealed from and that the appellee has not paid the sums of money, or any part thereof, and refused so to do; that the judgment entered by the New York Court is a final money judgment.

The defendant-appellee demurred to the amended declaration upon grounds: (1) the declaration fails to state a cause of action; (2) the declaration fails to allege that the judgment sued on was final and not subject to modification; (3) that the cause of action sued upon is not entitled to full faith and credit under the Constitution of the United States and the State of Florida. The trial court sustained the demurrer and entered a final judgment for defendant below and plaintiff appealed.

The court below, in ruling upon the point raised by the demurrer, unquestionably was influenced by our holding in Lechner v. Lechner 154 Fla. 114, 16 So. (2) 816. This suit involved the enforcement, under the full faith and credit

clause of the Federal Constitution (1) of an alimony decree rendered under the provisions of Section 1170, Civil Practice Act of the State of New York in which the court retained the power to modify at any time, and (2) a final judgment for accumulated installments of alimony in the sum of $675.00 entered by the New York courts under Section 1171-b of the New York Civil Practice Act. We held in the Lechner case that the unpaid installments of alimony and the final judgment for alimony were each in the breast of the court and for this reason were subject at any time to the court's order of modification and therefore was lacking in finality and not enforceable under the full faith and credit clause.

The final judgment for alimony sued upon in the case at bar was entered in the New York court under Section 1171-b of the Civil Practice Act of New York. Since the adoption of our opinion and judgment in Lechner v. Lechner, supra, other jurisdictions have ruled upon the finality, power of modification and enforceability of similar final judgments entered under Section 1171-b of the Civil Practice Act supra. On this appeal we are requested, in light of these recent rulings by other jurisdictions, to re-examine, in part, the conclusion reached in the Lechner case as to finality, power of modification and enforceability under the full faith and credit clause of the judgment entered under said Section 1171-b.

The following cases throw light on the point at issue: Griffin v. Griffin, 327 U. S. 220, 66 S. Ct. 556, 90 L. Ed. 635; Barber v. Barber, 323 U. S. 83, 65 S. Ct. 137, 89 L. Ed. 82, 157 A.L.R. 163; Appel v. Appel, 65 N.E. (2nd) 153, 78 Ohio App. 53; Cukor v. Cukor, 114 Vt. 456, 49 Atl. (2nd) 206; Durlacher v. Durlacher, 123 Fed. (2nd) 70. The weight of authority now sustains the view that a final judgment for alimony entered under Section 1171-b of the Civil Practice Act by the courts of the state of New York is final, not subject to modification, and is enforceable under the full faith and credit clause of the Federal Constitution, and to this extent we recede from and modify our opinion and judgment in Lechner v. Lechner, supra. The order sustaining the demurrer by the trial court was correct under Lechner v. Lechner prior to this order of modification.