47 So.2d 292 (1950)
SACKLER
v.
SACKLER.
Supreme Court of Florida, Division A.
June 23, 1950.
Rehearing Denied July 17, 1950.
Arthur J. Kline and Albert M. Lehrman, Miami Beach, for appellant.
Fogle, Kirtley, Connelly & Fordham and Lewis H. Fogle, Jr., Miami, for appellee.
ROBERTS, Justice.
The plaintiff, appellant here, obtained a divorce from the defendant-appellee in the State of New York in 1946, in which proceedings the plaintiff was awarded the custody of the two minor children of the parties, together with the sum of $20 weekly for the support of herself and the children. The defendant failed to pay the sums required to be paid in the New York decree, and in May of 1948 the plaintiff applied to the New York court, *293 under the provisions of Section 1171-b of the Civil Practice Act of the State of New York, for a judgment for the arrearages. The court found that the plaintiff was entitled to the sum of $1,171.75 for past-due and unpaid installments of support money, with interest thereon from the 28th day of May, 1946, for which judgment was entered.
The defendant having taken up his residence in the State of Florida, the plaintiff filed her bill in the Circuit Court of Dade County, Florida, alleging the foregoing facts, among others, and praying that the defendant be required to pay her all sums of money due and owing to her under the New York decree and further praying that the decree for alimony entered by the New York court be established and enforced by the equity courts of this state.
The defendant answered, denying that he was financially able to pay the full amount of support money awarded by the New York decree, and alleging further that the provisions of the New York decree respecting support money may be modified by the New York court from time to time and that such decree is thus unenforceable in this state.
After hearing had on bill and answer, the Chancellor decreed that the plaintiff have a money judgment for the amount of arrearages reduced to judgment in New York, and denied all further relief. It is this decree which we review on this appeal.
The appellant contends, first, that the lower court erred in restricting her to a money judgment for the alimony arrearages entered by the New York Court under Section 1171-b and in denying her the benefit of other equitable remedies, including contempt proceedings, in the enforcement of the judgment. It should be noted, in passing, that there is no question here as to the enforceability, by ordinary legal process, of the judgment for arrearages, since such judgment is not subject to modification by the New York court and is thus entitled to full faith and credit in the courts of this state. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 686, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061; Collins v. Collins, 160 Fla. 732, 36 So.2d 417.
As to the authority of this court to apply equitable remedies in the enforcement of a final decree for alimony for the wife and support money for the children, this court in McDuffie v. McDuffie, 155 Fla. 63, 19 So.2d 511, settled this question by adopting the rule laid down in Fanchier v. Gammill, 148 Miss. 723, 114 So. 813, to the effect that an alimony decree of a sister state will be enforced by the same equitable remedies, including contempt proceedings, as are applicable to the enforcement of a local decree for alimony. In the McDuffie case, this court quoted with approval the statement in the Fanchier case that "The theory on which the Supreme Court of Mississippi adopted this view was that a judgment for alimony rests largely on public policy in that the husband should be required to support his wife and children, that they not become derelicts and a charge on the public, that a judgment in equity is more efficacious than a judgment at law in that it may be enforced by attachment or contempt, that a court of equity has sole jurisdiction in matters of divorce and alimony and that to hold that a foreign judgment for alimony can be enforced only by execution at law would amount to depriving it of its inherent power of enforcement by attachment and contempt." [155 Fla. 63, 19 So.2d 512.]
We hold, therefore, under the authority of McDuffie v. McDuffie, supra, that the lower court erred in denying to the plaintiff equitable remedies, including contempt proceedings, for the enforcement of the New York judgment for the alimony arrearages.
It is next contended by appellant that the lower court erred in refusing to establish and enforce the New York decree as to future installments of support money, as prayed for in her bill of complaint. Although there is a divergence of authority on this question among the courts in this country, there is considerable authority for appellant's contention. See Sorenson v. Spence, 65 S.D. 134, 272 N.W. 179; *294 Cousineau v. Cousineau, 155 Or. 184, 63 P.2d 897, 109 A.L.R. 643; Biewend v. Biewend, 17 Cal.2d 108, 109 P.2d 701, 132 A.L.R. 1264; Rule v. Rule, 313 Ill. App. 108, 39 N.E.2d 379; McKeel v. McKeel, 185 Va. 108, 37 S.E.2d 746.
It is generally conceded by the courts in the cases immediately above cited that a decree for future installments of alimony not yet due is not, as to such installments, enforceable under the requirements of the "full faith and credit" clause of the Federal Constitution, Art. 4, Sec. 1, because the decree as to such future installments is subject to change by the court rendering it; yet, because of the nature of a decree for the support of a wife and children, these courts have held that, for reasons of sound policy as well as the principles of comity, such decrees should be established as a local decree and clothed with all the equitable remedies by which the enforcement of a local decree of alimony may be secured.
The Illinois Appellate Court, in Rule v. Rule, supra, in a carefully considered opinion, reviewed the conflicting authorities in this country upon this question. In holding that the Illinois courts will enforce a foreign decree for alimony, even as to future installments as they become due in accordance with the provisions of the foreign decree, the court said "* * * there is considerable authority supporting the proposition that a decree for alimony represents more than a debt; that its basis is the obligation of a husband to support his wife and children, which is a matter of public concern, whether the cause of action arises in the state where the decree is rendered, or in another state to which the parties have moved; that the urgency for its effective enforcement is equally as great in one state as in another; therefore, it should be enforced by the same remedies as are applicable to domestic decrees for alimony." [313 Ill. App. 108, 39 N.E.2d 380.]
We agree with the conclusion reached in the Rule case, and others above cited.
It is to be noted that, under Sections 1171 and 1172 of the Civil Practice Act of the State of New York, the wife is entitled to equitable remedies in enforcing the alimony decree, namely, the giving of security for the payment of alimony, sequestration of defendant's property, receivership, and contempt proceedings. These remedies are in addition to the money judgment which she may obtain as to past-due and unpaid installments under the provisions of Section 1171-b of the Act. See Mitchell v. Mitchell, 194 Misc. 73, 85 N.Y.S.2d 627.
We hold, therefore, that under the rule of comity, as well as the principles of public policy involved in the obligation of a husband to support his wife and children, the New York decree, as to future installments, may be established as a local decree and enforced by those equitable remedies customary in the enforcement of our local decrees for alimony and support money. If it were otherwise, a husband, determined to defeat a decree for alimony, could cross the border lines of our 48 states to avoid enforcement by contempt, and by resort to fraudulent practices endeavor to put his property or income beyond the reach of an execution. The mere transformation of an obligation to support into more specific form, such as a decree to pay, does not make it an ordinary debt but a continuing obligation. This, the courts of Florida should have the same vital interest in enforcing as the courts of the state where such obligation was originally assumed. This is particularly true in view of the fact that this state, with its climatic and other wellknown advantages, should seem to offer an especial appeal to one seeking to find a new home or a temporary refuge, and we have no desire to make this state a haven for fugitive husbands.
We are not unmindful of the fact that the New York Civil Practice Act, Section 1170, provides that the authority to modify directions in divorce decrees relating to the support of the wife and children "shall extend to unpaid sums or installments accrued prior to the application as well as to sums or installments to become due thereafter," and that this court has held, in Collins v. Collins, 160 Fla. 732, 36 So.2d 417, that, until such accrued and unpaid installments have been reduced to *295 judgment under the provisions of Section 1171-b of the New York Act, the decree is not such a final decree as is entitled to enforcement in this state under the full faith and credit clause of the federal constitution. The holding in the Collins case was correct, under the situation there existing. In that case, the wife brought an action at law in this state on a judgment of the New York court for arrearages of alimony found to be due her, and the only point decided was that, in an action at law in this state to recover for past-due installments accrued under a New York decree, such arrearages must be reduced to judgment under the provisions of Section 1171-b before the decree may be sued upon in this state.
But the situation is entirely different where the wife comes into a court of equity in this state and requests that the decree of a foreign court be established and enforced as a local decree of this state. In such case, the wife, in seeking equitable remedies, at the same time enables the husband to present any equitable defenses which may exist in his favor. Thus, in McDuffie v. McDuffie, cited supra, it was indicated by this court that the Chancellor could make some adjustment in the amount due under a settlement agreement incorporated in a divorce decree entered in the State of Georgia, if a change in the circumstances of the parties occurring since the time of such settlement agreement should justify it. Moreover, our equity courts, under the provisions of Section 65.15, Florida Statutes, 1941, F.S.A., are authorized to modify decrees "of any court of competent jurisdiction" respecting support for the wife and children. Under this section, it would appear that our equity courts could entertain a request by the husband to modify a foreign decree, established here as a local decree, as to future installments required to be paid thereunder (although not as to past-due installments, see Boyer v. Andrews, 143 Fla. 462, 196 So. 825).
We hold, therefore, that as to future installments to become due under the New York decree, such decree may be established as a local decree of this state and enforced by all the equitable remedies pertaining thereto. We hold, also, that as to those past-due and unpaid installments of alimony which have been reduced to judgment in a New York court under the provisions of Section 1171-b, the wife is entitled to the equitable processes of our equity courts in the enforcement thereof. Since, however, the public policy of this state is contrary to that of the State of New York with respect to the modification of past-due installments, see Boyer v. Andrews, supra, we do not feel that, even under the principle of comity, our courts are authorized to enter a decree respecting the past-due installments which have not been reduced to judgment in a New York court under Section 1171-b. We hold, therefore, that as to those installments which have accrued subsequent to May of 1948, the date of the entry of judgment on the arrearages, and prior to the establishment of the New York decree as the decree of the Florida court, the lower court is not authorized to enter a decree against the defendant. It is understood, of course, that the plaintiff may reduce such installments to judgment in the New York court, after which the assistance of our court in enforcing the judgment for the arrearages may be obtained.
The appellant also contends that the lower court erred in denying her a reasonable attorney's fee for the services of counsel in prosecuting her suit in the court below. It is alleged in her bill that she is without funds to prosecute the suit, which allegation was not denied by appellee. Under the view we have adopted, the instant suit is not one merely for the collection of a debt due under a foreign decree, but is one to establish and enforce a decree for the payment of alimony and support for the children. We hold, therefore, that under the provisions of Chapter 25037, Laws of Florida, Acts of 1949 appearing as Section 65.16, Florida Statutes, 1941, F.S.A., the Chancellor may in his discretion allow to the plaintiff "such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and the nature of the case shall be fit, equitable and just." If the Chancellor's denial of *296 appellant's request for an attorney's fee was based on a misapprehension of his authority to do so under Section 65.16 (and, from the nature of his final decree, this is a reasonable inference), the Chancellor is directed to reconsider appellant's request in the light of the provisions of Section 65.16, Florida Statutes, 1941.
The final decree is reversed and the cause remanded for further proceedings consistent herewith.
Reversed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.