59 So.2d 640 (1952)
HAAS
v.
HAAS.
Supreme Court of Florida, Special Division B.
June 17, 1952.
Rehearing Denied July 17, 1952.
*641 Roe H. Wilkins of Maguire, Voorhis & Wells, Orlando, for petitioner.
H.N. Roth and Clark W. Jennings, Orlando, for respondent.
ROBERTS, Justice.
We here review on certiorari an order entered in proceedings instituted by petitioner against the respondent in the Circuit Court in and for Orange County, Florida, in Chancery, by which the petitioner sought to invoke the equitable processes of such court for the enforcement of a judgment for past-due alimony entered against respondent by the Supreme Court in and for Westchester County, New York, under the provisions of Section 1171-b of the New York Civil Practice Act. The petitioner's motion to strike the respondent's answer was denied as to certain of the defenses alleged therein and it is such order with which we are here concerned.
The petitioner and respondent were married in 1924 and lived together in the State of New York until 1945. At that time the parties separated and the petitioner filed suit in the Supreme Court in and for Westchester County, New York, for separation from bed and board and for separate maintenance. This action was contested by the respondent, and the cause was dismissed by such court. Ultimately, however, the Court of Appeals for the State of New York reversed the judgment of the Supreme Court of Westchester County, New York, as affirmed by the Appellate Division of such court, and remanded the cause for a new trial. Prior to the handing down of the decision by the Court of Appeals, the respondent left the State of New York, and did not appear, either in person or by counsel, at the new trial of the cause. Judgment was entered November 29, 1948, by the Supreme Court in and for Westchester County, New York (hereinafter referred to as the "New York court") in favor of petitioner in the amount of $17,225.20 plus other sums, and ordering respondent to pay petitioner as permanent alimony the sum of $120 per month from November 1, 1948.
In 1949, the petitioner instituted an action at law against the respondent in the Circuit Court in and for Orange County, Florida, based on the 1948 judgment of the New York court. This action was dismissed by the trial court on the ground that such judgment was subject to modification by the New York court and thus not entitled to full faith and credit in the courts of this state. The petitioner filed a notice of appeal from such judgment, but the appeal was never perfected.
Thereafter, on January 27, 1950, the petitioner instituted proceedings in the New York court to reduce the alimony arrearages accrued under the 1948 judgment to final judgment pursuant to the terms of Section 1171-b of the New York Civil Practice Act. The petitioner's motion was returnable on February 7, 1950, and notice of the pendency of such proceedings was mailed to the respondent. However, the respondent did not receive such notice until February 9, 1950, two days after the New York court had entered judgment in petitioner's favor in the amount of $27,007.81.
The respondent immediately filed in the New York court a motion for an order to show cause why the February 1950 judgment should not be vacated and set aside, and why he should not be permitted to answer the petitioner's application under Section 1171-b for a final judgment on the alimony arrearages. This motion also sought an order vacating and setting aside the 1948 judgment of the New York court, above referred to, and for permission to appear and interpose his defenses at a trial of the issues in the action culminating in such 1948 judgment; and, in the alternative, for an order "annulling, varying, or modifying the provisions contained in the alleged final decree dated November 29, 1948."
The New York court, after a hearing and consideration of affidavits filed in support of and in opposition to such motion on behalf of the respective parties, entered its *642 order denying that portion of the respondent's motion relating to the 1948 judgment. As to the February 1950 judgment, it was ordered that "the portion of defendant's motion to open his default and to vacate the judgment herein dated February 7, 1950 is granted to the extent of opening the default upon condition that the judgment dated February 7, 1950 stand as security and upon the further condition that within ten days after service of a copy of this order with notice of entry thereof defendant serve upon the attorney for the plaintiff and file with the Clerk of the County of Westchester a surety bond in the sum of $27,007.81 with a surety company as surety thereon to insure payment to the plaintiff of any sum the Court may hereinafter decree, such bond to be approved as to form and sufficiency by this Court, and in the event the defendant fails to comply with the foregoing terms and conditions this portion of defendant's motion is denied, * * *."
The respondent did not appeal from this order, nor did he file the surety bond required therein as a condition to opening the 1950 default judgment. Thus, no further proceedings were had in the New York court.
The instant suit was instituted by the petitioner in the Florida equity court in June 1950 for the purpose of enforcing the February 1950 judgment of the New York court.
The respondent pleaded six defenses and a counterclaim in his answer. The petitioner's motion to strike was granted as to the first and sixth defenses and as to the counterclaim, so that we are here requested to consider only the legal sufficiency of the second, third, fourth and fifth defenses.
In his second and third defenses, the respondent alleged that the November 1948 decree was subject to modification by the New York court and thus not a final judgment, and also that it was void for lack of notice, so that it was not entitled to full faith and credit in the courts of this state. These defenses should have been stricken. In the first place, the instant suit is for the enforcement of the February 1950 judgment, and not the 1948 decree. And in the second place, by filing in the New York court his motion to vacate and set aside the 1948 decree, the respondent must be held to have submitted to the New York court the question of the validity of such decree, and its order denying such motion is conclusive on this question in this court. While this court is not required to recognize the judgment of another state where the judgment was rendered by a court without jurisdiction, or where it has been obtained by extrinsic fraud, this rule is subject to the limitation that if the court of the state which rendered the judgment has expressly litigated the jurisdictional questions or the matter of fraud, that determination becomes res judicata on those points and is itself protected by the full faith and credit clause of the Constitution of the United States, art. 4, § 1. The jurisdictional and fraud questions cannot be relitigated a second time in another state. 31 Am.Jur., Judgments, Sec. 554, p. 163; Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244; American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231. See also Tomkins v. Tomkins, 89 Cal. App.2d 243, 200 P.2d 821; Chamblin v. Chamblin, 362 Ill. 588, 1 N.E.2d 73, 104 A.L.R. 1183; Corliss v. Davidson & Case Lumber Co., 152 Kan. 375, 103 P.2d 781.
In his fourth and fifth defenses, the respondent related the history of the litigation between the parties, which we have set forth briefly above, and alleged many facts going to show the injustice which would result from enforcing against him the 1950 judgment. We think that the matters and things alleged in respondent's fourth and fifth defenses are entitled to consideration by the equity court in determining the extent to which it will lend the equitable processes of our court in the enforcement of the New York judgment entered in February 1950, and that the learned Chancellor did not err in denying the motion to strike as to these defenses.
It is established in the jurisprudence of this state that our equity courts are open to nonresident wives for the enforcement *643 by equitable processes of final decrees for alimony for the wife and support money for the children awarded by the courts of other states. Sackler v. Sackler, Fla., 47 So.2d 292, and cases therein cited. In adopting this rule, this court did so for reasons of public policy, as expressed in the Sackler case. But public policy also forbids our exercising equitable jurisdiction in such matters without at the same time extending equitable relief to a husband who, through no fault of his own, finds himself unable to meet the alimony and support money demands theretofore placed upon him by a court of another state. A nonresident wife who seeks to enforce in the courts of this state a final alimony decree or money judgment based thereon entered by a court in another state may do so in a court of law by a common-law action to secure a money judgment for the delinquent alimony, or she may ask our equity court to exert its equitable remedies in the enforcement of such decree. If she chooses the latter forum, she must be prepared to meet any equitable defenses which are recognized in this state in an equitable action to enforce a domestic decree for alimony. Sackler v. Sackler, supra. This is but another application of the familiar maxim that he who seeks equity must do equity.
This is not to say that the 1950 judgment is void for lack of "due process," on account of the failure of respondent to receive notice of the application therefor until after the entry of the judgment, as contended for by respondent. While the entry of judgment under Section 1171-b on the ex parte application of a wife without any notice whatsoever to the husband might be void and subject to collateral attack in the courts of other states, there is nothing in the section which requires personal service upon the plaintiff. See Muller v. Muller, 184 Misc. 587, 54 N.Y.S.2d 462; Durlacher v. Durlacher, 173 Misc. 329, 17 N.Y.S.2d 643, 645; Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635. As stated in the Durlacher case, "The judgment entered in 1934 directed the payment of monthly alimony of $833.33, and that direction imposed a binding obligation on the defendant. It was not and could not be affected by his change of residence or by his absence from the jurisdiction. * * * Under the statute, the application is required to be made upon such notice as the court may direct. In the instant case the notice was not only given as the court directed, but it was effective to bring the defendant into court, even if only to contest its jurisdiction."
And we are not here concerned with what subsequent efforts might be made to enforce the judgment, in the State of New York. We say only that an equity court of this state, when called upon to enforce by equitable processes an alimony decree of another state, may entertain equitable defenses here recognizable in such matters in order to determine the extent to which the court equitably should go in enforcing the foreign judgment. The pleadings as made up form a basis upon which the Chancellor, after the taking of testimony, can enter an enforcement decree commensurate with the equitable principles prevailing in this state.
For the reasons stated, the writ is granted and the order quashed as to the second and third defenses.
As to the fourth and fifth defenses, the writ is denied.
SEBRING, C.J., MATHEWS, J., and REVELS, Associate Justice, concur.