CARROLL, CHAS., Chief Judge.
On December 3, 1957, the appellee Eleanor H. Fischbach filed a complaint in chancery in the circuit court in Dade County against the appellant Hyman I. Fischbach, seeking enforcement of past due and currently maturing alimony which had been awarded to her by a New York court in a separate maintenance suit in May of 1956.
The parties will be referred to as they appeared in the circuit court. _ The defendant answered, and filed a counterclaim which the court dismissed. The court then granted a motion of the plaintiff for summary final decree. The decree established the New York alimony decree as a decree of the local court, authorized execution of the adjudicated arrears of alimony in the sum of $1,175, directed the payment of future installments of alimony in the amount of $45 per week as provided for in the New York decree, awarded attorney’s fees and costs which were charged against the defendant, and reáerved to the defendant the right to apply for modification of the provision for payment of $45 per week. The defendant filed an interlocutory appeal (No. 58-328) from the order dismissing his counterclaim, and following final decree the defendant appealed therefrom (No. 58-461). On stipulation of the parties the two appeals were consolidated and briefed and heard together.
No useful purpose would be served by reciting the facts and background of the case as disclosed in the record, as we have concluded, following argument of counsel and consideration of the record and briefs, that the- appellant has not carried his burden of showing reversible error in the summary final decree and orders appealed from.
The chancellor properly refused to order the defendant to pay the amounts which had accrued under the New York decree between the time of the judgment there for arrears and the hearing in the local court; and while the chancellor rejected matters which defendant advanced in an effort to obtain a modification of the amount of future alimony installments, the right to apply for modification (under § 65.15, Fla. Stat., F.S.A.) was expressly reserved to the defendant in the decree. See Sackler v. Sackler, Fla.1950, 47 So.2d 292; Haas v. Haas, Fla.1952, 59 So.2d 640.
The decree and order appealed from should be and hereby are affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.