Benjamin Brenner, J.
Plaintiff wife moves for an order directing the entry of judgment for arrears of alimony payable pursuant to a judgment of separation. She also moves to stay the executrices of the defendant’s mother’s estate from paying out any moneys to the defendant [husband] as a residuary legatee under his mother’s will and for an order directing said executrices to pay over to plaintiff any moneys due to the defendant thereunder.
The order to show cause upon this motion was served on the defendant in Los Angeles by registered mail. While receipt of that order is not shown, an attorney did appear on the original return date of the motion at the request of defendant’s California attorneys. The defendant has therefore had due notice of motion as required by section 1171-b of the Civil Practice Act (Muller v. Muller, 184 Misc. 587). On the adjourned date there was no appearance in behalf of the defendant. The executrices, also served pursuant to the order to show cause, have appeared but they do not oppose the motion for a money judgment. While they did not submit any papers in opposition to the other *543 branches of this motion, they requested a bond should the latter be granted.
In view of the defendant’s failure to oppose, the branch of the motion seeking a money judgment is granted on default and the plaintiff may enter judgment in the amount of $8,455. The request for counsel fees in bringing on this motion is denied as there is no affidavit by the attorney that he has not received payment or a promise of payment therefor.
The plaintiff does not cite any legal basis for her request that the court direct the executrices to pay the amount of the money judgment herein ordered out of the defendant’s prospective share of the estate. Her attorney argued orally that such extraordinary remedy is within the equitable powers of this court. Assuming the power, I must decline to issue such an order as plaintiff has an adequate remedy under subdivision 5 of section 916 of the Civil Practice Act which sanctions a levy upon the defendant’s interest in the estate. However, to prevent the possibility of distribution of the assets of the estate prior to the time when the plaintiff may complete her attachment pursuant to said statute, I will continue the stay which is presently in effect under the order to show cause for a period of 20 days from the date of the order herein with notice of entry.