BARNS, PAUL D., Associate Judge.
This is an appeal from a final summary decree in favor of the plaintiff in a suit based on an Illinois decree awarding permanent alimony and support money for their minor daughter, which decree also dismissed defendant’s counterclaim. Upon a hearing of a motion for summary final decree, the motion was denied, but a subsequent hearing on another matter, the summary decree, was entered. We find error and reverse.
The prayer of complaint is that the “Illinois decrees be established and enforced as if they were originally entered in this court” and the decree entered was *770 that “said decrees as established are ratified, confirmed and approved as decrees of this Court.” The terms and provisions of the Illinois decrees are not set forth in the summary final decree. Although some of the decisions in actions based on foreign judgments and decrees have referred to such actions as suits to establish here a foreign judgment, such language is but loose language and it cannot be taken literally, because there is no such cause of action known to our jurisprudence. An action based on a foreign money judgment is an action of debt or assumpsit and the foreign judgment is the basis or ground for relief in the forum court, which relief, if granted, will be our court’s own money judgment according to our practice and procedure. If the action is to recover alimony or support money, grounded on a foreign decree, the final decree here should be complete, since it is the local decree that is to be enforced. The foreign decree has no extra-territorial effect, and to merely adopt it by reference leaves the decree incomplete, and such practice is disapproved. 17 Am.Jur., Divorce and Separation, §§ 979-981, pp. 162, 163.
Another point relied on for reversal is a portion of the decree appealed from striking the defendant’s counterclaim, which counterclaim stated the financial plight of the defendant, his ill health and the other matters relating to the equities between the parties. Rule 1.13(3), Florida Rules of Civil Procedure, 30 F.S.A., provides :
“A counterclaim may or may not diminish or defeat the recovery sought by the plaintiff, shall not be construed as admitting any part of plaintiff’s claim, and the defendant may claim relief exceeding in amount, or different in kind, from that sought in the pleading of the plaintiff.”
Rule 1.8(d), Florida Rules of Civil Procedure, same as in Rule 8, Federal Rules of Civil Procedure, provides that: “When a party has mistakenly designated a defense as a counterclaim, or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.” Both of these rules are in recognition of the principles of equity practice as stated in Schupler v. Eastern Mortgage Co., 1948, 160 Fla. 72, 33 So.2d 586, wherein it was held error to have stricken a counterclaim and not to have allowed it to stand as an answer, since the counterclaim was relevant to the equities of the parties concerning the subject matter before the court. Since this is a suit in equity, it was error to strike the counterclaim; it went to the equities between the parties and yet might have no influence on the decision other than allowance or imposition of costs; this holding would not likely be fully applicable in an action at law.
The appeal is from a summary final decree, and the rule of law governing a hearing on a motion therefor is as stated in Brennan Co. v. Central Bank & Trust Co, Fla.App.1964, 164 So.2d 525:
“ * * * In passing on a motion for summary judgment it is no part of the court’s function to decide issues of fact but solely to determine whether there is a genuine issue of a material fact. All doubts as to the existence of a material fact must be resolved against the party moving for a summary judgment or decree. A motion for summary judgment raises only a question of law and if there is any question or doubt of a material fact shown, the motion should not be granted. Meadows v. Edwards, 82 So.2d 733. To entitle a movant to a summary final decree, he must affirmatively show the absence of a genuine issue of any material fact and that he is entitled to a summary decree in his favor under the applicable substantive law; the movant-appellant failed to meet this two-fold test.”
The record before the Chancellor failed to show that the plaintiff was en *771 titled, as a matter of law, to the final decree entered merely because he was in default under the Illinois decree. Sackler v. Sackler, Fla.Sup., 47 So.2d 292, 18 A.L.R.2d 856. Annotation 18 A.L.R.2d 862, Haas v. Haas, Fla.Sup., 59 So.2d 640. The decree appealed is reversed for further proceedings not inconsistent herewith and for the determination of the equities between the parties.
Reversed.
ALLEN, Acting C. J., and ANDREWS, J., concur.