**TREADWELL v. TREADWELL.**
No. 73-3002-CA(D)-03.
Circuit Court, Palm Beach County.
December 18, 1973.

Lloyd G. Herold, North Palm Beach, for the plaintiff.

William F. Treadwell, defendant, in pro. per.

LEWIS KAPNER, Circuit Judge.

This is an action to establish and enforce a foreign decree of divorce. It is alleged, and uncontroverted, that these parties were divorced in New York on November 24, 1971 and that the final decree required the defendant to pay certain sums as alimony, which he has failed to do. He is now in arrears over $7,000.

The defendant does not deny the arrears, but he claims a substantial change in his financial circumstances. He was earning more than $14,000 per year at the time of the divorce. He has since developed heart trouble which limits his working capacity, and he is now earning $9,000 per year. Under the final judgment she is entitled to alimony of $100 per week.

Past-due and unpaid installments of alimony which have been reduced to judgment in a New York court are subject to the equitable processes of the equity courts of this state. Collins v. Collins, 36 So. 2d 417; Sackler v. Sackler, 47 So.2d 292. However, a Florida court is not authorized to enter a decree respecting such past-due installments which have not been reduced to such judgment. Sackler v. Sackler, supra, page 295.

It is thereupon ordered as follows — (1) Plaintiff's motion to establish the said decree as a Florida decree is granted and defendant is given ten days to file further pleadings at this time, if he wishes to modify said payments. See McDuffie v. McDuffie, 19 So.2d 511; and (2) Plaintiff's motion to enforce past-due installments is denied.

Jurisdiction of this cause is retained for the purpose of entering such further orders as to the court may seem necessary.