QUESTIONS:
1. May arrearages for child support be collected only pursuant to a Uniform Reciprocal Enforcement of Support Act (URESA) order, or may arrearages be collected under the original divorce order of the petitioning party?
2. In a case where the clerk erroneously dismisses a petition filed under URESA for lack of prosecution when, in fact, there is an order outstanding from the responding state which the local clerk has not received, would the correct procedure be to file another petition or to file a motion and order to reinstate the original petition?
3. When an order is entered on a URESA petition, can said order be retroactive, commencing the date said petition was filed in the petitioning state, or should it commence on the date the respondent is actually in court and the order is made?
4. Does the URESA law cover alimony, or strictly child support, and if it does cover alimony, are there certain conditions or restrictions or does it cover all alimony?
SUMMARY:
A URESA order rendered pursuant to Ch. 88, F. S., is not the exclusive means in which outstanding child support payments may be collected.
A timely motion to reinstate, rather than the initiation of a new URESA petition, is the preferable procedure in a case where the court clerk has erroneously dismissed a pending URESA petition for lack of prosecution.
The URESA order ultimately rendered by the court of the responding state may properly encompass within its scope both unpaid, due and owing support arrearages as well as continued support payments, where applicable.
The scope of URESA, Ch. 88, F. S., is not limited exclusively to the recovery of child support, but encompasses within its scope other lawfully imposed duties of support, including alimony, with certain qualifications.
For purposes of this response to your aforementioned inquiries as to the scope of URESA, I must assume that in each of your questions, except No. 2, the original support order was rendered by a court of competent jurisdiction outside the Florida jurisdiction, and in each case herein the Florida courts and officials are acting in the capacity of responding state authorities.
The URESA provisions of the Florida Statutes were adopted as Ch. 88, F. S., pursuant to Ch. 29901, 1955, Laws of Florida, which codified ss. 88.011 through and inclusive of 88.311 substantially as they appear at present. Section 88.041 provides that `[t]he remedies herein provided are in addition to and not in substitution for any other remedies.' In the original URESA enactment, provision was made for the several offices of the state attorneys in Florida, upon request, to represent the interests of the sister state plaintiff/petitioner when the Florida jurisdiction is the responding state. Section 88.121.
Chapter 59-393, Laws of Florida, amended Ch. 88, F. S., by adding ss. 88.321-88.371, which provide for additional remedies by means of authorizing the obligee to register a foreign support order, when claim of support is based thereon, by filing of a verified petition therefor with a circuit court, and which shall be maintained by the clerk of the circuit court in a registry of foreign support orders, and which becomes registered upon the filing of a complaint thereon, subject only to a subsequent order of confirmation. For the purposes of this act, the term `obligee' is defined by s. 88.031(8) to mean `any person to whom a duty of support is owed.' Based upon the foregoing it is apparent that arrearages for child support may be enforced through the reciprocal procedures provided in ss. 88.011-88.311, through the additional remedies available by registering a foreign support order pursuant to ss. 88.321-88.371, through any alternate statutory method available, or through any remedies available at common law.
In a situation where the court clerk of the initiating state erroneously dismisses a petition filed under URESA for lack of prosecution when, in fact, there is an order outstanding from the responding state which the local clerk has not received, I am of the opinion that the appropriate procedure under these circumstances would be to move the court for an order to reinstate the original petition rather than filing another petition and initiating the entire reciprocal process over again. When Florida acts as the initiating state, a finding is required by the courts of this state that the petition sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or his property, and a certification of the same shall be transmitted to the responding state's court with copies of the complaint and Ch. 88, F. S., all in triplicate. Section 88.141. Presumably, the Florida court has satisfied all of these conditions prior to transmitting the original documentation to the responding state. Section 88.271 provides with respect to hearings conducted under this act, among other things, that they shall be conducted in such informal manner as will best conduct to the ends of justice. I am of the opinion that a motion for reinstatement based upon the factual situation outlined above, when properly served upon all affected parties in order that they might be noticed to appear and be heard, if they so elect, is the preferable procedure to follow, both in the interests of justice and rapid resolution of the pending cause, as well as to enhance the ends of judicial economy. Having already satisfied the duties and obligations of the court of the initiating state in the original certification and transmittal of the necessary documentation, it would not appear to be the best use of judicial resources to require a repetition of that same process where a motion for reinstatement would lie as an alternative.
Thirdly, s. 88.081, F. S., provides that duties of support applicable under the URESA provisions of Ch. 88, F. S., are thoseimposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The term `duty of support' is defined by s. 88.031(6) to mean any dutyof support imposed or imposable by law, or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for dissolution of marriage, judicial separation, separate maintenance, or otherwise. By both the plain language of the aforecited provisions of the act and the experience of most causes brought under the act it is apparent that the scope of the URESA provisions extend to and include an action for the recovery of outstanding support payments already accrued and in arrears, as well as to assure that the obligor's duty of continuing support, if any, is met. (See also, s. 88.091.) Once the responding state court has been satisfied that the plaintiff/petitioner or its representative has met its burden and shown that the respondent obligor owes a duty of support, the responding state court may order the respondent obligor to furnish support or reimbursement therefor and subject the property of the respondent obligor to such order. Section 88.211. I am of the opinion that the foregoing provisions contemplate an order of the responding state court covering, retroactively, both the unpaid and due and owing support payments, or reimbursement for the state or political subdivision furnishing the same to the obligee in the absence of the obligor's timely payments of the same, and providing prospectively for the continuing payment of support, where applicable, to be embodied in the court's order properly rendered upon the conclusion of such appropriate proceedings.
With regard to your final inquiry, I have noted above that s. 88.031(6), supra, defines the duty of support coming within the scope and breadth of URESA as any duty of support imposed or imposable by law or by any court order, decree, or judgment, whether interlocutory or final, whether incidental to a dissolution of marriage proceeding, judicial separation proceeding, separate maintenance proceeding, or otherwise. Alimony has long been recognized by the Florida courts as one type of sustenance and support, originally emanating from the common-law obligation of a husband to support his wife, and couched within the equitable powers of the court to grant an allowance to the wife from the husband for her support in a divorce action. Floyd v. Floyd, 108 So. 896 (Fla. 1926); Burger v. Burger, 166 So.2d 433conformed to 166 So.2d 694 (Fla. 1964); Simon v. Simon,123 So.2d 41 (3 D.C.A. Fla., 1960). In reviewing the provisions of the act as embodied within Ch. 88, supra, I find no express language or intent which would indicate that the scope of the act should be limited to child support alone. In fact, the definition provided for the term `duty of support' clearly indicates otherwise as does the plain language of s. 88.101, which provides that `[a]ll duties of support are enforceable by complaint irrespective ofrelationship between the obligor and obligee . . . .' (Emphasis supplied.) Additionally, s. 88.131 provides for the manner in which a complaint on behalf of a minor obligee may be brought, but is in no way an exclusive provision for initiating a cause of action under the URESA provisions.
As to the nature of said alimony orders, judgments, or decrees of sister states sought to be enforced for the collection of arrears in the Florida jurisdiction, it is clear that to be so enforceable in the Florida courts the order, judgment, or decree must be a final order, judgment, or decree not subject to modification, alteration, or nullification, pursuant to statutory authority vested in the courts of the state where rendered, and only upon these conditions does said order, judgment, or decree gain the protection of the Full Faith and Credit Clause of the federal Constitution with respect to past due and unpaid alimony installments, and become enforceable in the courts of this state. Cohen v. Cohen, 30 So.2d 307 (Fla. 1947); Sackler v. Sackler,47 So.2d 292 (Fla. 1950); Fugassi v. Fugassi, 332 So.2d 695 (4 D.C.A. Fla., 1976); West v. West, 301 So.2d 823 (2 D.C.A. Fla., 1974). I would note that it has been held that every reasonable implication should be resorted to against the existence of the power of the foreign court which rendered the decree, order, or judgment to modify its alimony award, as to past due installments, in the absence of clear statutory language manifesting a clear intention to confer such power in order to bring the past due alimony within the protection of the Full Faith and Credit Clause of the United States Constitution. Montell v. Montell, 46 So.2d 715 (Fla. 1950); Collins v. Collins, 36 So.2d 417 (Fla. 1948).
Finally, past due and unpaid alimony claims may be enforced judicially through the additional remedies provided for in ss. 88.321-88.371, supra, or through available common-law remedies.See: Friedly v. Friedly, 303 So.2d 50 (2 D.C.A. Fla., 1974); seealso: ss. 61.11, 61.12, and 61.17-61.181, F. S.
Prepared by: Barry Silber Assistant Attorney General