WILLIAM H. REYNOLDS v. CASSIE C. REYNOLDS.

152 So. 200.

En Banc.

Opinion Filed December 27, 1933.

Petition for Rehearing Granted January 15, 1934.

*Zewadski & Pierce,* for Appellant;

*O. P. Hilburn,* for Appellee.

ELLIS, J.—The question attempted to be presented in this case is: are wages which are due to the head of a family residing in this State exempt from garnishment to satisfy a debt due to his divorced wife under a decree of divorce awarding to the complainant wife a specific sum of money to be paid in installments in settlement of certain property rights claimed by her in the divorce suit?

Mrs. Cassie Reynolds, in May, 1932, obtained a decree of divorce against her husband upon a bill of complaint charging him with adultery in most general terms. The defendant suffered a default to be taken against him on the return

day of the subpoena and four days afterwards testimony was taken which included a stipulation between the parties in which the defendant agreed that a decree should be entered against him declaring that the sole and undivided ownership of the homestead, consisting of a lot and tenements in Mackmay Subdivision in Hillsborough County, free and clear of all rights or claims on his part, to be in the complainant, and that in addition thereto he should be decreed to pay the complainant the sum of $900.00 in installments of $25.00 per month, beginning January 1, 1932.

Five days after the return day of the subpoena and on the day the testimony in the cause including the written stipulation between the parties was filed the court signed a decree divorcing the parties *a vinculo matrimonii* and decreeing the property rights in the homestead and the payment of money by the defendant in accordance with the terms of the stipulation.

The decree does not appear to have been recorded in the chancery order book. See Section 4948, C. G. L., 1927.

Mrs. Reynolds on the 31st day of August, 1932, applied by written motion to the chancellor for a writ of garnishment to be directed to I. W. Phillips & Company because she said that her former husband had failed to make the July and August, 1932, payments on the decree and she claimed $25.00 as attorney's fee in addition thereto. The order for a writ of garnishment as prayed for was signed thirty days before it was applied for and filed on the day it was applied for.

The writ was issued on the 31st day of August, 1932, and on the 14th day of September the defendant by affidavit set up a claim of exemption of the money due him by Phillips & Company on the grounds that the money was due for "personal services rendered and personal labor"

by the defendant and that he was the head of a family residing and living in Marion County, Florida. The garnishee entered its appearance. The solicitor for the complainant by affidavit affirmed that the defendant was not entitled to the exemption. The defendant gave a bond for the release of the garnishment on the 3rd of October, 1932, and on the same day the court ordered a release of the property and discharge of the garnishee.

On the 6th day of May, 1933, the court signed an order adjudging the defendant to be not entitled to the exemption and that the complainant "have and recover" from the defendant $50.00 and costs. That order also does not appear from the record to have been recorded in the chancery order book.

A week later the defendant entered his appeal from the order and the same was recorded although no certificate of such record appears in the transcript. The order of the judge directing a writ of garnishment was signed on the 1st day of August, 1932, as appears from the transcript, but it does not appear to have been recorded although it does appear to have been filed and docketed thirty days later on the date the motion for the order was made.

Whether the date of the signing of the order for the writ was a clerical error, a mere misprision of the judge who signed it or the clerk who copied it for the transcript, no one of course can know from an inspection of the transcript. In any event neither that order nor the final decree of divorce appears to have been recorded in the chancery order book, but the statute definitely and expressly provides that no process shall be issued or other proceedings had on any final decree or order until the same shall have been signed and recorded in the chancery order book of the court. See Section 4948, C. G. L., *supra*.

It follows, therefore, that the order for a writ of garnishment and the issuing of the writ were without authority of law and as the order for the writ was itself not recorded the writ considered as a process or proceeding had on the order was void and of no effect.

All the orders and proceedings on the decree therefore were without authority of law and in direct violation of the affirmative commands of the statute. They should be set aside and annulled.

So the order appealed from is reversed.

Davis, C. J., and Whitfield, Terrell and Buford, J. J., concur.

### On Rehearing.

Ellis, J.—A petition for rehearing in this case on behalf of both appellant and appellee directs our attention to certain statements in the opinion filed on December 27, 1933, relating to the failure of the record to disclose that: the final decree of divorce, an order directing a writ of garnishment, an order adjudging the defendant to be not entitled to the exemption and the entry of notice of appeal by the defendant, were recorded in the chancery order book as the law requires.

We are due and hereby make to counsel for both appellant and appellee an apology for that egregious error. The record does disclose that the decree and each order as well as the notice of entry of appeal were duly recorded. It is unnecessary to explain how the certificate of record of the decree, orders and notice of entry of appeal were overlooked as we have decided that the manner in which the evidence of such record was exhibited by the transcript was a sufficient compliance with the rule prescribed for the making of transcripts of record for the Supreme Court. We regret exceedingly the error we committed into which we were

possibly led by the entry in the transcript following the copy of the decree and orders and notice of entry of appeal of a statement by the Clerk of the Court through his deputy that the particular document was "Filed & Docketed," which in our hurry to dispose of the business of the Court we accepted as a negation of the record of those documents without a more careful inspection of the transcript.

As the order of reversal rested upon the assumed failure to record the orders of the court without which no process is permissible under the terms of the statute referred to in the opinion, and as the decree and orders do appear to have been duly recorded as a matter of fact, it follows of course that the reasons given for the order reversing the chancellor's order adjudging the defendant to be not entitled to the exemption of money due him for personal services from the writ of garnishment were not well founded. Whether the judgment of reversal, irrespective of the reason given in the opinion, is correct depends upon the view we shall take of the question of law stated in the first paragraph of the opinion. If we answer that question in the affirmative the judgment of reversal is correct, but if we answer it in the negative there should be entered an order reversing our previous holding and an entry of an order of affirmance.

This case is a suit by Mrs. Cassie Reynolds against her husband for divorce, and, as stated in the original opinion, pursuant to a stipulation to that effect entered into between the parties the court made an order in which it was decreed that the defendant should pay to the complainant a certain amount of money monthly until he had paid to her the total sum of $900.00. That was an order made by a court of this State in a suit for divorce within the meaning of Section 4992, C. G. L., 1927. Whether that statute is confined

in its operation to public officers against whom writs of garnishment may be issued to enforce orders for suit money or alimony is the question to which the inquiry in this case is limited.

Paraphrasing the statute for clearness as to its application here, it provides that "so much as the court in its discretion may order of the moneys * * * due to any person * * * whether the head of a family or not residing in this State when the money * * * is due for the personal labor or services of such person * * * shall be subject to * * * garnishment to enforce the orders or decrees of the courts of this State for * * * orders or decrees made by the courts of this State in suit for divorce; * * * and in such cases where the money * * * sought to be attached * * * is the salary of a public officer, State or county, the writ of * * * garnishment may be served upon the public officer whose duty it is to pay such salary."

In the light of this reading of the statute there seems to be no question as to its application in the circumstances of this case. The appellant contends, however, that the order for the payment of money was not for alimony, suit money or support. Therefore it was not such an order for money as Section 4992, *supra,* contemplates according to the original Act which was Chapter 4973, Acts of 1901, as amended by Chapter 7838, Acts of 1919, and carried into the Revised General Statutes of 1920 as Section 3200, because Chapter 4973 as well as sub-section 4 of Chapter 7838, *supra,* indicates the subject matter to be the "Attachment or Garnishment of amounts due public officers in suits for alimony and Divorce," although the original Act, Chapter 4973, *supra,* did not either in its title or in the body of the Act limit the subject to money due to public officers.

The Legislature of 1919 in enacting Chapter 7838, *supra,*

to approve, adopt and enact the Revised General Statutes, referred in sub-section 4 to Section 3190 of the revision which does not relate to the subject at all. The Legislature apparently had before it the Florida Compiled Laws of 1914, Section 1937, because the subject matter of the legislation embraced in sub-section 4 of Chapter 7838 is not carried as directed into the revision of 1920 as Section 3190, but it appears in that revision as Section 3200, and is carried into the Compiled General Laws of 1927 as Section 4992 without any change either in the title to or body of the section.

Chapter 7838, *supra,* did not amend Chapter 4973, *supra,* in any material point whatsoever as to the applicability of its provisions to "any person or public officer." It sought only to limit so much of the money due for services that may be subject to garnishment to that portion of such salary as the court in its order may designate.

The question therefore will turn on the interpretation of the words of Chapter 4973, *supra.* That Act clearly on its face applies to money due to "any person or public officer" and its title does not restrict the subject to the class of persons designated as "public officers."

Summarizing both Acts it is apparent that the legislation was intended to apply to all persons of every class including public officers to whom money may be due for services or labor and makes such monies within limitations prescribed by the court's order in divorce cases or suits for alimony subject to garnishment. Nor does the legislation confine the subject to orders for alimony or suit money, because the words of the Act expressly extend its provisions to other orders or decrees than orders for the payment of alimony or suit money.

The argument of appellant on the application of the rule of *ejusdem generis* in the interpretation of statutes is not

applicable, as the words of the Act are clear in meaning and require no interpretation. The judgment should therefore be affirmed.

It is ordered that the decision heretofore rendered be set aside because of the error pointed out and an order of affirmance of the order appealed from be entered.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.