### MAMIE SLATER ROBINSON v. JESSE ROBINSON

18 So. (2nd) 29                                                                                       January Term, 1944
May 16, 1944                                                                                              Division B

*Laura H. Hyde,* for appellant.

*Will O. Murrell,* for appellee.

ON PETITION FOR REHEARING

THOMAS, J.:

Appellant represented to the court in her motion for writ of garnishment that appellee had failed to pay alimony awarded her by a decree. She added the statement that he *"was to pay* . . . for the use and benefit of her attorneys . . . the sum of $250.00, and the further sum of $20.60 for costs of Court in the above styled cause." (Italics furnished.) The writ issued, and the garnishee answered.

Meanwhile appellee moved to dismiss the proceeding on the ground that the decree was voidable because the parties had never been married, and to dissolve the garnishment on the specific grounds of the absence of any legal marriage, the

failure of the testimony to prove the plaintiff's charge of adultery, and the unjustness of the allotments for alimony.

It seems only necessary to state, with reference to these aspects of the assault, that they were not only calculated to introduce issues foreign to the controversy, but they obviously constituted a collateral attack upon the final decree, and could not, therefore, be recognized as causes for dismissal or dissolution of the action in garnishment.

Added were the general grounds of the insufficiency of the motion for the writ of garnishment and the illegality of the proceeding, and it is under these that we must search for the defects which the trial judge considered fatal to appellant's case when he sustained appellee's position.

Although appellant's original motion is not very definite, it may be gleaned from it and the writ eventually issued that the amount she sought to collect was the sum of (1) the alimony which had accrued pursuant to the decree and (2) fees and costs which were reduced to judgment in that decree. It seems that the latter item would be governed by the general law relative to garnishment after judgment, but it occurs to us that the former does not fall in the same category.

Allotments for permanent alimony do not become liens when made because from their very nature they are indeterminate and inconclusive. Dickenson v. Sharpe, 94 Fla. 25, 113 So. 638. They may be adjusted or revised because of change in circumstances of the parties, or they may be discontinued because of remarriage of the wife or the death of one party. Such allowances may, of course, become judgments if after default a competent court adjudges them due and payable, Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68, although relief is usually accomplished in contempt proceedings. Vinson v. Vinson, 139 Fla. 146, 190 So. 454.

It has been insisted by counsel for the appellant that the garnishment proceeding in the lower court was not instituted under Chapter 77, Florida Statutes, 1941, and F.S.A., but that she relied only upon Section 65.13, Florida Statutes, 1941, and F.S.A. The purpose of the latter, originally enacted as Chapter 4973, Laws of Florida, Acts of 1901, was

twofold: to extend the remedy of garnishment to cases arising from the noncompliance with orders for the payment of alimony and suit money; and to impound monies due public officials.

After stating the first proposition the Legislature was at pains to prescribe the procedure to be followed where the money represented the salary due a public official, but omitted further reference to wages of an individual not in the public service. Abridged to contain only the language applicable to cases like the present one the law simply provides that "So much as the court in its discretion may order of the moneys or other things due to any person . . . whether the head of a family or not residing in this State when the money or other thing is due for the personal labor or service of such person or otherwise, shall be subject to . . . garnishment to enforce the orders or decrees of the courts of this State for alimony, suit money or support, or other orders or decrees made by the courts of this State in suit for divorce or alimony." Garnishment is an exclusive statutory remedy, unknown to the common law, and we are unable to see how one seeking its advantages to effect the payment of allotments made in a final decree of divorce under Section 65.13, supra, could proceed without reference to any other statutory provision.

It is observed that Section 65.13 does not furnish a comprehensive, independent method of garnishment, but only extends the remedy to certain cases and certain salaries. It is necessary to look elsewhere in the laws of the state to determine the steps which must be taken to obtain advantage of the remedy, and these are found in Chapter 77, supra. In Sections 77.03 and 77.18 are to be found the provisions regulating writs of garnishment before and after judgment, and we are of the opinion that they apply respectively to the two kinds of claims which the appellant has sought to enforce. A comparison of the allegations in appellant's sworn motion with these statutes, to which there must be strict adherence, Pleasant Valley Farms etc. v. Carl, 90 Fla. 420, 106 So. 427, immediately reveals her failure to abide by the provisions of these sections. Lone relevant statement in support

468

of her right to the writ was: "There is no property owned by the defendant that she can reach in satisfaction of the aforementioned sums." The motion presenting her claim was so inartificially drawn that the court was justified in dismissing the proceedings on the general grounds. No presumption may be indulged in the support of the language she chose.

We are familiar with the case of Reynolds v. Reynolds, 113 Fla. 361, 152 So. 200, where the court considered proceedings in garnishment to enforce the payment of instalments of alimony, but we do not find that the point presented here was determined there. On the contrary, the court said: "Whether that statute [65.13, supra] is confined in its operation to public officers against whom writs of garnishment may be issued to enforce orders for suit money or alimony is the question to which the inquiry in this case is limited." It was held that the statute was not confined to persons of that class. The decision is authority then for the position of the appellant here that Section 65.13, supra, made garnishment available to her for the enforcement of the orders for suit money and alimony. Having decided to resort to that method to collect the money she claimed appellee owed her, it was necessary that she comply with the requirements of Chapter 77 if she expected the remedy to be effectual.

The judgment is affirmed and the cause remanded without prejudice to apply for permission to amend the motion for garnishment in accordance with the views we have expressed.

Upon petition for rehearing the original opinion was modified, and this the revised opinion, is now substituted for the original, which is withdrawn. The petition for rehearing is denied.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.