ROBERTS, Chief Justice.
The sole question presented on this appeal is whether a writ of garnishment may issue in aid of a final decree in equity providing solely for the payment of money. The lower court held that it would not. This was error.
It is true that this court held, in Williams v. T. R. Sweat & Co., 103 Fla. 461, 137 So. 698, 700, that garnishment will not issue in aid of a suit in equity, prior to final decree, except in the circumstances specifically enumerated by Section 62.22, Florida Statutes 1953, F.S.A. But.we did not say in that case that garnishment could not issue after the entry of an equity decree providing solely for the payment of money. On the contrary, it was said:
“Garnishment is purely statutory, and there is no provision for it in equity causes under section 5299, Comp. Gen.Laws 1927, nor under section 5284, Comp.Gen.Laws 1927; at least until after ‘judgment shall have been recovered’, which latter clause of section 5284 is not applicable here, and not necessary to be interpreted. * * *” (Emphasis supplied.)
Section 5284, C.G.L., is the same as Section 77.01, Florida Statutes 1953, F.S.A., and provides that “Every person who shall have brought a suit to recover a debt or shall have recovered a judgment in any court of this state against any person, natural or corporate, shall have a right *450 to a writ of garnishment * * (Emphasis supplied.) It was the italicized portion of the preceding quotation to which the court was referring in the language quoted from the Williams case, supra. So it can be seen that the court did not consider the question of whether Section 77.01 is applicable to the enforcement of a final money decree in equity, in the Williams case. Nor did this court indicate in that opinion that it had considered the impact of Equity Rule 67 on the question; but since the 1931 Chancery Act (Section 67 thereof having been adopted as Equity Rule 67) did not go into effect until October 1931 and the decision of this court in the Williams case was handed down in November 1931, the only reasonable inference is that the Williams case was decided on the basis of the law in effect at the time it was tried in the lower court.
By Equity Rule 67 (New Rule 3.15) it is provided that “Final process to execute any decree may be by a writ of execution, or other appropriate process or proceedings if the decree be solely for the payment of money. Executions on decrees for money shall issue and be governed by the law relating to executions on judgments. * * * ” (Emphasis supplied.) Such equity decree, when properly recorded, is just as much a lien as is a judgment of a court of law and, in our opinion, there is no sound basis for holding that the writ of garnishment provided for by Section 77.01, supra, is not an “appropriate process or proceeding” within the meaning and intent of Equity Rule 67, supra. We so interpret the statute and the rule.
As a matter of fact, this court has indicated that this is the proper interpretation. In Robinson v. Robinson, 154 Fla. 464, 18 So.2d 29, 30, we were confronted with an appeal from an order dismissing a writ of garnishment by which the appellant sought to collect (1) alimony which had accrued under a divorce decree and (2) fees and costs which were reduced to judgment in that decree. We said there that “It seems that the latter item would be governed by the general law relative to garnishment after judgment, * *
For the reasons stated, the order appealed from is reversed and the cause remanded for further proceedings.
THOMAS, SEBRING, HOBSON, MATHEWS and DREW, JJ., concur.
TERRELL, J., dissents.