KANNER, Judge.
The order sought to be reviewed through this interlocutory appeal is one by which the court below modified the alimony and support provisions of the final decree of divorce which had been granted the wife, as plaintiff, in 1958. By the protested order, support payments for the four children were reduced from $40.00 to $28.00 weekly, or from $10.00 per week each to $7.00 per week, and the alimony of the wife from $17.50 to $14.50 weekly, or a total reduction from $57.50 per week to $42.50 for support and alimony.
On November 7, 1961, appellant had petitioned the court for a rule to show cause directed to the appellee husband because of arrearages in alimony, child support, insurance, and house mortgage payments specified in the final decree. On November 8, the husband filed petition for modification of the decree, dismissed by the court, and subsequently filed an amended petition for modification. On December 26, 1961, a hearing was held for consideration by the court of appellant’s petition for rule to show cause and appellee’s amended petition for modification. At this hearing, the only testimony adduced was that of appel-lee husband. The court adjudged appellee husband to be in arrearage in the sum of $385.00, found him to be not in contempt, then forthwith curtailed the alimony and support payments.
It is the position of the appellant wife that the testimony was taken in connection with the contempt rule and consequently the court erred in ordering modification without permitting testimony or cross-examination directed toward the petition for modification.
Illustrative of the procedure adopted by the court in its disposition of the two petitions are certain excerpts from the record. The hearing commenced on the petition for rule to show cause. Appellee husband’s attorney made inquiry of the court,
“MR. OSSELMEIER: Excuse me. Your Honor, I am at that point of interrogation on the Rule to Show Cause. Am I allowed to go into the other portions on the modification?”
and the court responded,
“THE COURT: At this time let him cross-examine and see what develops.”
Later, counsel for appellee husband inter7 posed,
“MR. OSSELMEIER: Your Hon- or, I object, this is only on the Rule to Show Cause.”
Following this, cross-examination by counsel for appellant wife proceeded; then counsel addressed the court,
“MR. THOMAS: I have nothing further in regard to the Petition for Rule to Show Cause for contempt, I *518 have nothing further to say. I would like to be able to be heard on it, if we may — ”
“MR. OSSELMEIER: I would like to have redirect here, your Honor.”
A second redirect examination was granted, after which appellee’s counsel interj ected,
“MR. OSSELMEIER: May we proceed on the modification now, your Honor?”
Shortly thereafter, the court commented,
“THE COURT: Well, we are not on the Petition to Modify, we are still on your Rule to Show Cause.”
The court subsequently assessed the ar-rearage and ruled that the husband was not in contempt; then appellee’s counsel began a query,
“MR. OSSELMEIER: Your Honor, on the Modification, may we have — ”
and, interrupting, the court resolved the modification issue then and there,
“THE COURT: I am going to reduce it to $42.50.”
An alimony or a support decree cannot be modified by a chancellor unless the issue of modification is presented to him in an appropriate proceeding and each party is given an opportunity to be heard on that issue. Cortina v. Cortina, Fla.1957, 98 So.2d 334, 336. The chancellor, without doubt, considered that he was in position to make the ruling in the manner which he employed. From the quoted colloquy, however, it is obvious that appellant was not afforded her right to be heard upon the modification issue.
Accordingly, the order as to modification is reversed and the cause remanded to be heard on that phase.
Reversed.
SHANNON, C. J., and SMITH, J., concur.