151 So.2d 294 (1963)
Peggy GOFF, Appellant,
v.
James Kenneth GOFF, Appellee.
No. 62-720.
District Court of Appeal of Florida. Third District.
March 26, 1963.
Klein, Kass & Tannenbaum, Miami, for appellant.
Frank T. Imand, Hialeah, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
This is an interlocutory appeal from an order entered by the trial judge at the conclusion of a hearing on a petition for rule to show cause.
A final decree of divorce was entered between the parties to this appeal on August 31, 1962. By the terms of this decree appellant, Peggy Goff, was granted a divorce and the defendant, James Kenneth Goff, was ordered to pay for child support the sum of $50.00 a week beginning July 9, 1962, and a like sum on the same day of each week until further order of the court. The appellee was required to pay alimony on the same basis. On September 18, 1962, the appellant filed her petition for rule to show cause alleging that under the final decree there was due her $700 for child support and alimony.
The chancellor entered a rule to show cause and set hearing thereon for September 26, 1962. No further pleadings of any *295 kind were filed. At the conclusion of the hearing which was not reported, the chancellor entered an order which (1) dismissed the rule to show cause and (2) modified or altered the final decree in the following particulars:
"ORDERED, ADJUDGED and DECREED as follows:
"1. That the Rule to Show Cause be and it is hereby dismissed.
"2. That that portion of the Final Decree of Divorce herein entered by this Court on the 31st day of August, 1962, as to support and alimony to be paid by the Defendant be and it is hereby amended and shall read that the Defendant is to pay to the Plaintiff the sum of Twenty Dollars ($20.00) per week for the support of the minor child of the parties, and that the Defendant is to pay to the Plaintiff the sum of Twenty Dollars ($20.00) per week as alimony, said payments to be made on Saturday of each and every week.
"3. It is further ordered by this Court that the foregoing alimony and support payments are of a temporary nature."
This appeal followed.
In the absence of a record, it must be presumed that there was testimony before the chancellor which convinced him that it would have been inequitable for him to enforce his rule to show cause. This ruling must be affirmed.
The quoted portion of the order appealed has two additional aspects. First, it modifies the decree of divorce which had become final and upon which no petition for rehearing was pending. Second, it reduces the indebtedness already accrued to the appellant-wife under the terms of the final decree. The chancellor was without jurisdiction, where no pleading directed to modification was filed, to summarily change the provisions of a decree which had become final. Cortina v. Cortina, Fla. 1957, 98 So.2d 334; Taylor v. Taylor, Fla.App. 1962, 143 So.2d 516.
It is also true that the chancellor may not reduce the amount already due for alimony and child support after these sums have become due and payable. He may refuse to enforce sums due by equitable process; but the sums remain due and if judgment is requested, they form an adequate basis for the entry of a judgment enforceable at law. Robinson v. Robinson, 154 Fla. 464, 18 So.2d 29. See Brenske v. Brenske, Fla.App. 1963, 151 So.2d 58.
Therefore, that portion of the decree which attempts to modify and alter the terms of the final decree is reversed.
Affirmed in part and reversed in part.