BARNETTE, Judge
(dissenting) :
The concept of post-demise alimony is foreign to the laws and jurisprudence of Louisiana. My reluctant willingness to accept the concept for application in the instant case as opposed to the unwillingness of my colleagues, who form the majority, to do so, is the basic point of difference between us. As I see it we are here called upon under the full faith and credit clause *590 in Article IV, Section 1, of the Constitution of the United States to recognize and enforce an obligation sanctioned by the laws of Florida and imposed by a court of that State. It is our duty to do so, even though it involves the application of an alien concept. I therefore respectfully dissent.
I am of the opinion that plaintiff has stated a cause of action and that the judgment should be reversed.
The litigation in the series of cases under the name Aldrich v. Aldrich[1] is particularly applicable to the case before us. It began when a wife, who had obtained a divorce in Florida, brought suit in West Virginia to recover alimony which had accrued after the date of the husband’s death. The West Virginia courts denied her recovery on the grounds that the Florida decree was invalid and unenforceable insofar as it purported to make the alimony award a charge on the husband’s estate. The wife applied to the United States Supreme Court for writs of certiorari and review which were granted.
The United States Supreme Court, on its own motion, then certified questions to the Supreme Court of Florida to determine whether or not, under the law of that State, the decree was enforceable against the estate.
The opinion of the Supreme Court of Florida in response to the questions is significant. The court reviewed the history and nature of alimony in that State. The original concept of alimony was the common law obligation of the husband to provide for the daily necessities of his wife. The obligation was made statutory in 1828, and the decisions under the statutes continued to follow the common' law rule until fairly recently.
“This original concept of alimony as a periodic payment from year to year in accordance with the needs of the former wife and the ability of the former husband to pay, which could be modified by the court to meet a change in either circumstance, was consistently adhered to by this court, despite efforts by lower courts to broaden it — until, in 1947, the Legislature amended Section 65.08 to provide for periodic payments of alimony or payment ‘in a lump sum’. Ch. 23894, Laws of Florida, Acts of 1947. Because of the strict construction of the statute, as amended, as precluding an award of both periodic and lump-sum alimony, see Ehrlich v. Ehrlich, Fla.App.1961, 130 So.2d 630, and cases cited, the Legislature again intervened and amended Section 65.08 by adding the words ‘or both’, so that a lump-sum award of alimony may now be joined with a periodic-payment award. Ch. 63145, Laws of 1963.” 163 So.2d at 278.
The court then turned to a consideration of whether or not an alimony award could be made binding on the estate of the husband and concluded as follows:
“The decisions of this and other courts, referred to above, are in accord with the great weight of authority that, in the absence of statute or agreement between the parties, it is not ordinarily permissible for a court to provide in its decree that alimony payments shall continue to accrue after the death of the ex-husband and be payable out of his estate.” (Emphasis added.) 163 So.2d at 279.
One of the cases discussed by the Florida Supreme Court in reaching its conclusion *591 was North v. North, 339 Mo. 1226, 100 S.W. 2d 582, 109 A.L.R. 1061 (1936), the following portion of which was quoted with approval :
“The provision in the decree awarding the wife $500 per month to continue so long as she remained single and unmarried (the same as that provided in the contract between the parties) justifies the conclusion that the decree was an approval of the contract, and not an award of alimony, because the court had no authority to make an award of alimony to continue so long as the wife remained single and unmarried, but did have authority to approve a contract between the parties containing that provision.” 339 Mo. at 1233, 100 S.W.2d at 586, 109 A.L.R. at 1065.
There is one difference between the Al-drich case and the case before us now which serves to emphasize plaintiff’s right to alimony after her husband’s death. In the Aldrich case there had been no agreement between the parties providing for payments to continue after death of the husband, but the court included that requirement in the divorce decree. The Florida Supreme Court held that the provision in the decree was in error, but no appeal had been taken and defendants could not raise the issue to attack the decree collaterally.
Before upholding the validity of the decree on the basis of collateral estoppel the Florida court dealt with the wife’s contention that the court could order alimony to be a charge on the husband’s estate even if there had been no agreement to that effect. The wife was relying on language in Johnson v. Every, 93 So.2d 390 (Fla.1957). In rejecting the wife’s argument, the court pointed out that there had been an agreement in the Johnson case and that the issue there had been whether or not the agreement, which had been adopted into the decree, provided for a continuation of payments after the husband’s death. The court held in Johnson that the provision did show an intent to bind the estate. This holding was approved in the Aldrich case.
The provision in the decree in Johnson was that the payments “ * * * ‘shall cease, upon the death of the plaintiff or upon her remarriage to any person other than the defendant.’ * * * ”[2] This provision is the same as the one before us. Under the law of Florida it makes alimony payments a charge on the estate of the husband. There can be no doubt that plaintiff has a cause of action in Florida under the agreement and the decree incorporating it.
Another question arises as to whether or not the plaintiff can successfully pursue her cause of action in the succession proceeding in this State. I am convinced that both state and federal law require us to enforce her rights under the Florida decree. She is a judgment creditor of the succession under a judgment of a sister state.
In the recent case of Devore v. Devore, La.App., 172 So.2d 923 (1965), cert. den., 247 La. 1015, 175 So.2d 301 (1965), this court considered whether or not a wife could sue her husband here for accrued alimony which had been ordered in a Nevada divorce decree. The court enforced the right to the accrued alimony based on the following reason:
“A provision in a valid divorce decree for alimony or child support, payable in installments, is a final judgment within the full faith and credit clause of the Federal Constitution insofar as accrued installments are concerned unless, by the law of the state where rendered, the decree is subject to modification as to accrued installments at the discretion of the court; and where the decree is final and not subject to such subsequent modification, it must be recognized and enforced without modification of accrued installments in a suit arising in a state other than the *592 one in which the decree was rendered. Barber v. Barber, 21 How. 582, 16 L. Ed. 226; Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A., N.S., 1068; 157 A.L.R. 170.
After the Florida Supreme Court had answered the questions of the United States Supreme Court in the Aldrich case, the latter, in its final disposition of the case, concluded with the following:
“Given the answers of the Florida court, it becomes plain that the judgment of the Supreme Court of Appeals of West Virginia, based as it was on a misapprehension regarding the law of a sister State, cannot stand. * * * That West Virginia must give the decree of alimony as broad a scope as that it has in Florida is clear, see Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552, and is questioned neither by the Supreme Court of Appeals of West Virginia nor by respondents.” 378 U.S. at 543, 84 S.Ct. at 1689, 12 L.Ed.2d at 1023.
Clearly, in view of the foregoing pronouncements of the United States Supreme Court and this court, plaintiff wife has a cause of action which this court is bound to enforce if the alimony which has accrued to date is not subject to modification retrospectively. The law of Florida establishes beyond doubt that once alimony payments have accrued, the right to those payments vests absolutely in the wife and cannot be modified by the courts.
In English v. English, 117 So.2d 559, 561, 562 (Fla.App.1960), the court said:
“ * * * Those amounts of alimony which were in default and accrued at the time of the hearing on the rule to show cause were vested obligations amounting to property rights of which the wife could not be deprived without due process of law. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205, 208.”
In Goff v. Goff, 151 So.2d 294 (Fla.App.1963), the court in discussing a lower court order modifying an alimony decree said the following:
“The quoted portion of the order appealed has two additional aspects. First, it modifies the decree of divorce which had become final and upon which no petition for rehearing was pending. Second, it reduces the indebtedness already accrued to the appellant-wife under the terms of the final decree. The chancellor was without jurisdiction, where no pleading directed to modification was filed, to summarily change the provisions of a decree which had become final. Cortina v. Cortina, Fla. 1957, 98 So.2d 334; Taylor v. Taylor, Fla.App.1962, 143 So.2d 516.
“It is also true that the chancellor may not reduce the amount already due for alimony and child support after these sums have become due and payable. He may refuse to enforce sums due by equitable process; but the sums remain due and if judgment is requested, they form an adequate basis for the entry of a judgment enforceable at law. Robinson v. Robinson, 154 Fla. 464, 18 So.2d 29. See Brenske v. Brenske, Fla.App.1963, 151 So.2d 58.”
From the statements of law in the foregoing cases we conclude that the plaintiff has a right to the amount of alimony which has accrued since the death of her husband. It is enforceable under the laws of Florida as a charge against his estate.
Sec. 65:15, Fla.Stat. (1963) FSA, after providing a method for either husband or wife to obtain a decree modifying the agreement or judgment for the payment of alimony, then provides (if there has been a modification) as follows:
"Thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance or ali *593 mony directed in such order and judgment, and no other or further amount, and such agreement, or such decree, for the purpose of all actions or proceedings of every nature and wherever instituted, whether within or without this state, shall he deemed to be, and shall be, modified accordingly, and it shall be unlawful to commence, or cause to be commenced as party, or attorney, or agent, or othewise, in behalf of either party in any court any action or proceeding othewise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance or alimony otherwise than pursuant to such order and judgment.” (Emphasis added.)
There remains the problem of what the court should do as to that part of the alimony which has not yet accrued. Under the Florida statute, either party has the right to seek modification of the decree or agreement. Moreover, the courts of that state have recognized the right of the executor of the deceased party to seek the modification. Johnson v. Every, supra. But the executor has not done that here; . rather he has filed an exception of no cause or right of action based on the contention that the alimony ceased on the death of the husband, a contention which I think is untenable. Until such time as the executor seeks a modification by proper pleading the monthly payments continue to accrue and are executory.
There should be no difficulty in upholding the power of our courts to entertain an application for modification of the award. The executor is empowered to act only in this State. Plaintiff has sought the aid of our courts in pursuing her rights to the alimony. If she is to be heard to contend that the jurisdiction of the Louisiana court is sufficient to permit her to enforce her rights, she should not be heard to complain if our courts also hear an application for modification which the executor might file. In considering modification our courts should follow well-established principles of equity and take into account the changes in circumstances resulting from the husband’s death and the fact that the wile may now have other means of support.
I concur in the views of the majority that the administration of the husband’s estate cannot be kept open indefinitely in order to continue to make weekly payments. This poses no problem, however, for it is within the authority and right of the executor to-bring an appropriate action, seeking a decree for a terminal lump-sum payment as. the equities of the case demand. The move is his, not that of the wife, to modify or terminate the obligation.
It seems obvious that the statute contemplates enforcement of the decree (either as originally drafted or as modified) in other states. This, no doubt, stems from the fact that parties often remove to other states, and the resulting inability to effect citation and jurisdiction over the person and his property would, in some cases, defeat the purpose of the law. The case before us is an example of just such a situation. Here it seems from the foregoing majority opinions, the right of the plaintiff wife to seek enforcement of the agreement or judgment in Florida is not questioned. But the fact that the husband is now dead and his property is being administered in succession proceedings in this State leaves the wife without an effective remedy in Florida.
It is my opinion that a cause of action-has been shown and that the wife is entitled to the amount of alimony which has. accrued, and the exception of no cause or right of action should be overruled.
Rehearing denied.
BARNETTE, J., is of the opinion a re~ hearing should be granted.

. Aldrich v. Aldrich, 147 W.Va. 269, 127 S.E.2d 385 (1962) (decision of the West Virgina Supreme Court of Appeals); 375 U.S. 249, 84 S.Ct. 305, 11 L.Ed.2d 304 (1963) (certification to the Supreme Court of Florida by the United States Supreme Court); 163 So.2d 276 (Fla.1964) (response to the questions certified); 378 U.S. 540, 84 S.Ct. 1687, 12 L.Ed.2d 1020 (1964) (remand to the West Virginia Supreme Court of Appeals).

. 93 So.2d at 392.