SWANN, Judge.
In this case, the Circuit Court rendered a “final decree” which, inter alia, reduced to judgment certain past-due sums which the former husband, Cooper, owed his former wife, Noyes. Cf. Howell v. Howell, Fla.App.1968, 207 So.2d 507.
After final judgment, Noyes sought to garnish her former husband’s salary. The garnishment affidavit filed by her is entitled “Garnishment After Judgment.” See Fla.Stat. Chapter 77, F.S.A. Later, however, she filed a motion claiming generally that she was attempting to proceed under the authority of Fla.Stat. § 65.13 (1965), now Fla.Stat. § 61.12 (1967), F.S.A. The former husband claimed exemption as head of a family residing in Florida. See Fla.Stat. § 222.11, F.S.A. The trial judge entered an order providing that the former wife could not garnish her former husband’s salary under Fla.Stat. § 65.13.
The former wife, Noyes, has appealed from that order.
Fla.Stat. § 61.12 (1967), F.S.A., which is substantially the same as Fla.Stat. § 65.13 (1965) in this regard, provides in pertinent part as follows:

“So much as the court orders of the money or other things due to1 any person or public officer, state or county, whether the head of a family residing in this state or not when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce the orders of the courts of this state for alimony, suit money or support, or other orders in actions for divorce or alimony, * * * ” [Emphasis added.]
* 5fi ifc 5j< ‡
This statute is designed to afford a procedure for the enforcement of orders for alimony, suit money or support or other orders in actions for divorce or alimony; and it eliminates the statutory exemption that may be claimed when the money is due the head of a family residing in Florida for his personal labor or service. See Reynolds v. Reynolds, 113 Fla. 361, 152 So. 200 (1933), 10 Fla.Jur. Divorce § 224.
We are not convinced that the final judgment obtained by the former wife comes within the character of an order to enforce the decree of a court of this state for alimony, suit money or support, or other orders or decrees made by a Florida Court in a suit for divorce or alimony.
The former wife cannot prevail under the provisions of Fla.Stat. § 65.13 (now § 61.12), F.S.A.; and is governed by the general law relative to garnishment after judgment. See Robinson v. Robinson, 154 Fla. 464, 18 So.2d 29 (1944), 3 Fla.Jur. Attachment and Garnishment § 23.
*801 There may also be equitable reasons which justify a court in refusing to issue process to enforce payment of arrears. Haas v. Haas, Fla.1952, 59 So.2d 640; Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205 (1938).
Accordingly, the final order herein appealed is
Affirmed.