OWEN, Judge.
This appeal brings for review an order of the trial court dissolving a writ of garnishment. The question to be decided is whether on the undisputed facts of this case F.S.1967, Section 61.12, F.S.A.,[1] permits garnishing the wages of the head of a household to satisfy a judgment based upon a contractual obligation to pay child support.
Appellant was the wife of appellee when the parties entered into an agreement dated June 2, 1961, wherein the appellee husband agreed to pay certain sums to the wife for the “support, education and maintenance” of the minor children of the marriage. Six weeks later appellant wife obtained a divorce in the State of Alabama. The final decree of divorce dated July 18, 1961, made no reference to the support agreement nor did the decree contain any provision for the support of the children.
In January, 1967, the former wife filed in the Court of Record of Broward County *56 an action at law against the former husband, alleging that he was in arrears under the support agreement. In due course the former wife obtained a judgment in the amount of $2,460.00. She then filed a motion for writ of garnishment and the writ was issued directed to the former husband’s employer. The former husband (appellee) filed a motion to discharge the writ on the grounds that he was the head of a family residing in this state and that his wages were exempt from garnishment under the provisions of F.S.1967, Section 222.11, F. S.A.[2] The court entered its order discharging the writ, finding that the former husband was entitled to the exemption and that the appellant’s judgment was not within the purview of the exception provided by F.S.1967, Section 61.12, F.S.A.
We affirm the order dissolving the writ of garnishment. Although the record does not disclose whether appellee is the head of a family residing in this state, this fact was apparently conceded in the court below and is neither questioned in this court nor does the record affirmatively show the fact to be otherwise. Assuming this fact, appellee’s wages would be exempt from garnishment by virtue of F.S.1967, Section 222.11, F.S.A., unless the exception provided by F.S.1967, Section 61.12, F.S.A., would apply. However, both by its expressed wording and by judicial construction,[3] that statute applies only “to enforce the orders of the courts of this state for alimony, suit money or support, or other orders in actions for divorce or alimony.” This was not an action for divorce or alimony. It was purely and simply an ex contractu action at law whereby one party to a contractual obligation sought a money judgment against the other for a breach of the contract. The fact that the contractual obligation arose through the former husband’s recognition of his legal obligation for child support is not enough to convert the judgment into an order of a court of this state for support in an action “for divorce or alimony.” [4]
Affirmed.
REED, J., concurs.
WHITE, JOS. S., Associate Judge, concurs specially, with opinion.

. F.S.1967, Section 61.12, F.S.A. Attachment or garnishment of amounts due for alimony. So much as the court orders of the money or other things due to any person or public officer, state or county, whether the head of a family residing in this state or not when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce the orders of the courts of this state for alimony, suit money or support, or other orders in actions for divorce or alimony * * *.

.F.S.1967, section 222.11, F.S.A. Ememption of wages from garnishment. No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person.

. Reynolds v. Reynolds, 1933, 113 Fla. 361, 152 So. 200.

. Noyes v. Cooper, Fla.App.1968, 216 So. 2d 799; cf. Howell v. Howell, Fla.App. 1968, 207 So.2d 507.