### SPEED v. SPEED.

No. 64-6768.

Circuit Court, Duval County.

March 29, 1971.

Morton A. Kesler, Jacksonville, for the plaintiff.

John E. Houser, Jacksonville, for the defendant David E. Speed and for the garnishee Aetna Insurance Co.

LAMAR WINEGEART, Jr., Circuit Judge.

This cause came on to be heard on the petition to intervene of the defendant and the court, after being advised in the premises, finds —

That certain portion of the order heretofore entered in this cause on the 14th day of March, 1969 wherein it provides —

> "ORDERED that the plaintiff do have and recover of and against the defendant $3,350 which sum represents the total delinquencies of the defendant for the non-payment of alimony and support from April of 1965 to and including February 28, 1969. The plaintiff shall also have and recover against the defendant her costs in this behalf expended in the sum of $15.20, for all of which let execution issue."

is a final judgment for the sums therein set forth and, as disclosed therein, represents the then amounts accrued for unpaid alimony and support.

There still remain certain portions of the sums hereinabove referred to which have not been paid and remain due and payable by the defendant to the plaintiff and for which the plaintiff has filed her writ of garnishment herein on January 15, 1971.

The sums sought to be attached in the aforementioned writ of garnishment are payable by Aetna Insurance Company, garnishee, to the defendant for personal labor or services, and therefore are within the provisions of Florida Statute 222.11 as to these sums reduced to final judgment as set forth in paragraph #1 above. See Noyes v. Cooper (Fla. App. 1968), 216 So.2d 799.

And therefore, it is ordered that defendant's petition to intervene is hereby granted and the writ of garnishment is quashed and of no force and effect as to any amounts due that have been reduced to judgment.