PER CURIAM.
Following a judgment entered April 8, 1971, granting the appellant husband a divorce from the defendant wife, in which the court retained jurisdiction to award an attorney’s fee, an order was made directing the husband to pay an attorney’s fee of $1,500 to the wife’s attorney. Approximately eighteen months after entry of the divorce judgment, the fee not having been paid, the court entered judgment therefor and authorized issuance of execution.
Predicated thereon, the wife’s attorney sought and obtained a writ of garnishment against Midtown Bank of Miami. The garnishee’s answer revealed that the amount it held to the credit of the husband was $612.07. The husband, proceeding under § 222.06 Fla.Stat., F.S.A., filed a motion to dissolve the writ of garnishment, supported by an affidavit of exemption in which his said bank account was listed as an asset for exemption.
This appeal is by the husband from an order of the court denying his motion to dissolve the garnishment. The appellant contends the order was in error in that thereby he was denied the benefit of exemption provided for by law. The appellee argues that exemption claimed by defendant is not available because of § 61.12 Fla. Stat., F.S.A., whereby there was authorized attachment or garnishment of so much as the court should order of the money or other things due to the head of a family “for the personal labor or service of the person or otherwise,” to enforce orders of the court “for alimony, suit money or support, or other orders in actions for divorce or alimony.”
We hold that the argument of the appel-lee as set out above cannot prevail, and the order appealed from must be reversed on authority of Graham v. Azar, Fla.1967, 204 So.2d 193, and Noyes v. Copper, Fla.App. 1968, 216 So.2d 799.
Under those decisions the provisions of § 61.12 Fla.Stat., F.S.A., overriding the ex *666 emptions m proceedings for enforcement of orders for payment of alimony, support, etc. in such actions, are not applicable for collection of a judgment (with execution authorized) which has been entered for nonpayment thereof.
On the authority of the above cited cases, upon the showing made by the appellant husband in the trial court the garnishment should have been dissolved. The order appealed from is reversed.