344 So.2d 1340 (1977)
William T. HALL, Appellant,
v.
AIR FORCE FINANCE CENTER, DEPARTMENT OF the AIR FORCE OF the UNITED STATES of America, Appellee.
No. CC-58.
District Court of Appeal of Florida, First District.
May 2, 1977.
Lacy Mahon, Jr., Mahon, Farley & Vickers, Jacksonville, for appellant.
Elliot Zisser, Zisser & Robison, Jacksonville, for appellee.
*1341 ERVIN, Judge.
The primary issue presented by this appeal is whether 42 U.S.C.A. § 659[1] supersedes Florida Statutes 222.11 and 222.12.[2]
A final judgment was entered in the Circuit Court of Duval County by which appellant (a member of the armed services) was found to be in arrears in child support and alimony payments required of him by a Final Judgment of Dissolution entered in California, and the California judgment was established as a judgment of the Circuit Court of Duval County. Appellant's former wife then filed in the Circuit Court of Duval County a Motion for Writ of Garnishment to which was attached an affidavit alleging that the monies sought to be recovered by garnishment were wages due appellant for his personal labor and services but that "they are not exempt according to the laws of the State of Florida nor of the laws of the United States of America." Appellant responded with a Motion to Dismiss the Motion for Writ of Garnishment and with an affidavit alleging that the monies sought to be recovered in the garnishment proceeding were indeed wages due him for personal labor and services and further that he is the head of a family residing in the State of Florida.[3]
The trial judge denied the Motion to Dismiss and granted the Motion for Issuance of Writ of Garnishment. This appeal followed.
Appellant argues that the trial court's order denying the husband's motion to dismiss and granting the wife's petition for writ of garnishment was error because the trial court necessarily concluded that 42 U.S.C.A. § 659 supersedes § 222.11 and § 222.12. The order did not so state. We disagree with any contention that the federal statute necessarily supersedes the exemption statutes, but rather find that 42 U.S.C.A. § 659 is compatible with Section 61.12, Florida Statutes (1975), which states in part:
"So much as the court orders of the money or other things due to any person or public officer, state, or county, whether the head of a family residing in this state or not, when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce the orders of the court of this state for alimony, suit money or child support, or other orders in proceedings for dissolution, alimony, or child support; * * *"
The above section is derived from a statute first enacted by the legislature in 1901[4] and was intended by the legislature to stand as an exception to sections 222.11 and 222.12, by allowing garnishment of any person's *1342 wages to enforce orders or judgments of the court for alimony, suit money or child support. This statute has remained in effect with only minor modifications[5] since its original enactment until 1967 when it was amended by deleting any reference to the word "decrees."
Opinions  particularly the more recent opinions  construing the effect of the statute appear contradictory and should be carefully scrutinized.
In Reynolds v. Reynolds, 113 Fla. 361, 152 So. 200 (1933), the Florida Supreme Court specifically held that the predecessor statute to 61.12, section 4992, Comp.Gen.Laws 1927, applied, and was authority for the issuance of writs of garnishment to enforce orders or decrees for suit money or alimony. There, the former wife, after obtaining a divorce decree in which the husband was ordered to make alimony payments to the wife, applied to the court for a writ of garnishment directed to her husband's employer, alleging that the husband was delinquent in his alimony payments. The court concluded as follows:
"It is apparent that the legislation was intended to apply to all persons of every class, including public officers to whom money may be due for services or labor, and makes such moneys within limitations prescribed by the court's order in divorce cases or suits for alimony subject to garnishment. Nor does the legislation confine the subject to orders for alimony or suit money, because the words of the act expressly extend its provisions to other orders or decrees than orders for the payment of alimony or suit money." (Emphasis added.) Id. at 202.
In Robinson v. Robinson, 154 Fla. 464, 18 So.2d 29 (1944), the wife represented in her motion for writ of garnishment that her former husband had failed to pay alimony awarded her by a divorce decree and stated that the husband was to pay certain attorney's fees and court costs. It should be noted that the wife did not pursue garnishment proceedings under Chapter 77, Florida Statutes, but that she relied upon Section 65.13, Florida Statutes (the predecessor statute to section 61.12). The Florida Supreme Court affirmed an order granting a motion to dismiss garnishment proceedings on the ground that the wife had not complied with Chapter 77. However, the cause was remanded without prejudice to the wife to amend her motion for garnishment and proceed under the general garnishment statute. The following comments by the court are especially instructive:
"Garnishment is an exclusive statutory remedy, unknown to the common law, and we are unable to see how one seeking its advantages to effect the payment of allotments made in a final decree of divorce under Section 65.13, supra, could proceed without reference to any other statutory provision.

* * * * * *
We are familiar with the case of Reynolds v. Reynolds, 113 Fla. 361, 152 So. 200, 202, where the court considered proceedings in garnishment to enforce the payment of installments of alimony, but we do not find that the point presented here was determined there. On the contrary, the court said: `Whether that statute [65.13, supra] is confined in its operation to public officers against whom writs of garnishment may be issued to enforce orders for suit money or alimony is the question to which the inquiry in this case is limited.' It was held that the statute was not confined to persons of that class. The decision is authority then for the position of the appellant here that Section 65.13, supra, made garnishment available to her for the enforcement of the orders for suit money and alimony. Having decided to resort to that method to collect the money she claimed appellee owed her, it was necessary that she comply with the requirements of Chapter 77 *1343 if she expected the remedy to be effectual." (Emphasis added.) 18 So.2d at 31.
Later cases appear to muddy the water in instructing litigants which procedure to follow in attempting to enforce dissolution of marriage judgments. Some have refused to allow a writ of garnishment to issue unless an order had first been entered to enforce a previously entered judgment of dissolution.
In Noyes v. Cooper, 216 So.2d 799 (Fla. 3rd DCA 1968) a "final decree" was entered reducing to judgment certain past due sums owed to the former wife from the husband under a divorce decree previously entered. The wife first brought an action to garnish the husband's wages, then filed a motion attempting to proceed under Section 61.12. The court affirmed the order denying the former wife the right to garnish her former husband's wages, stating:
"We are not convinced that the final judgment obtained by the former wife comes within the character of an order to enforce the decree of a court of this state for alimony, suit money, or support, or other orders or decrees made by a Florida Court in a suit for divorce or alimony." 216 So.2d at 800.
The court concluded, however, that while the wife could not prevail by seeking garnishment under the statute, it implied that she could recover had she followed the "general law relative to garnishment after judgment... .", citing Robinson v. Robinson, supra.
In Costa v. Costa, 285 So.2d 665 (Fla. 3rd DCA 1973), the court reversed an order denying a motion to dissolve a writ of garnishment. The writ was issued upon a judgment which authorized execution for an unpaid attorney's fee in a prior divorce action. Based upon its prior opinion in Noyes v. Cooper, supra, the court concluded that the provisions of Section 61.12 do not apply "for collection of a judgment (with execution authorized) which has been entered for nonpayment thereof." Id. at 666. This opinion appears to be at odds with Reynolds v. Reynolds, supra, and Robinson v. Robinson, supra. It also would seem to have been modified sub silentio by the court's later opinion in DeCastro v. DeCastro, 334 So.2d 834 (Fla. 3rd DCA 1976). In DeCastro, after judgment of dissolution was entered, the trial court entered a money judgment against the former husband for unpaid temporary alimony. The husband contended on appeal that the trial court should not have allowed the collection of past due alimony under Section 61.12, citing Noyes v. Cooper, supra. The Third District Court of Appeal distinguished Cooper, stating:
"In that case the judgment was not for alimony but for sums due on a property settlement. The cited section is clearly applicable to the situation now before us." Id. at 835.
The Florida Supreme Court in Robinson v. Robinson, supra, has set forth the procedure which must be followed in order to obtain a writ of garnishment to enforce a judgment of dissolution. It is clear that a litigant should scrupulously follow the procedure set forth under Chapter 77, particularly pertaining to garnishment after judgment.[6]
As previously observed, the statute was amended in 1967, and the word "decrees" was deleted. The word "judgment" was not inserted in its place. Nevertheless we are of the opinion that the omission was merely inadvertent and does not represent a willful intention by the legislature to require that a former spouse may seek the benefits of the statute only if an order has been entered enforcing a final judgment of dissolution previously entered. In 1967 the legislature renumbered Chapter 65 and placed its provisions under Chapter 61. It also made minor modifications in Chapter *1344 61,[7] presumably to conform to Fla.R.Civ.P. 1.040, which became effective January 1, 1967. Rule 1.040 provides there would only be one form of action to be known as a civil action. Thus the separate actions in either law or equity were abolished.
It is necessary to consult traditional rules of statutory construction to determine what effect should be given the statute's provisions. While the court is obligated to give meaning to all words chosen by the legislature in enacting a statute, Atlantic C.L.R. Co. v. Boyd, 102 So.2d 709 (Fla. 1958), there are situations where it is clear that the sense of the whole legislation may not be preserved if a word is isolated and given its strict, even if proper meaning, therefore the primary rule of giving effect to the legislative intent will be followed. Scenic Hills Utility Co. v. Pensacola, 156 So.2d 874 (Fla. 1st DCA 1963). Moreover, the statute being one which gives to the former wife the right to garnish or attach the wages of the former husband is one which is remedial and is entitled to a liberal construction so as to advance the remedy provided and give effect to the intention of the legislature as gathered from the language used. 30 Fla. Jur. Statutes section 127.
In the present case, the wife, Juanita Hall, did all that she was required to do under Section 61.12, Chapter 77, and appropriate Florida cases. She obtained first a judgment of dissolution of marriage in the State of California, which judgment included support and alimony payments for the benefit of the wife and child. This judgment was then established as a final judgment of dissolution in Florida and provided that the husband was indebted to the wife in the sum of $2,250.00 for past due alimony payments. She then filed a motion for writ of garnishment after judgment, and, following answer by the husband, obtained an order granting the writ.
The order granting the wife's motion for writ of garnishment and denying the husband's motion to dismiss is AFFIRMED.
MILLS, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge, dissenting.
I respectfully dissent. The issue framed and briefed by the attorneys for the respective parties is whether 42 U.S.C.A. § 659 supersedes Florida Statutes 222.11 and 222.12. Appellee argues in its brief, and the trial judge apparently ruled, that Title 42 U.S.C.A. § 659 permits garnishment for the recovery of child support and alimony owed by members of the armed services and other federal employees regardless of contrary state law, specifically Florida Statute 222.11. I agree with the majority that clearly the federal act was not intended to supersede state law. The effect of the federal act is nothing more than to waive sovereign immunity of the United States government. (Golightly v. Golightly, 410 F. Supp. 861, 863 (D.Neb. 1976)) There is nothing in the federal act contrary to nor in derogation of Florida Statutes 222.11 and 222.12.
However, this Court has gone further than did either of the parties and apparently further than the trial judge and has introduced, without benefit of briefs or argument, Florida Statute 61.12. As observed by the majority, opinions construing that statute are contradictory. It is clear, though, from a reading of the statute in its present form that at no place is the word "judgment" used. The statute refers only to "orders". Orders and judgments are not the same, particularly when the payment of money is the subject matter. An order to pay money may, in a domestic relations action, be enforced by contempt proceedings and incarceration. Enforcement of a money judgment in such manner is constitutionally impermissible. The statute was deliberately amended in 1967 by the deletion of the word "decrees". The word "judgment" was not substituted. In recognition of the distinction between orders and judgments, and in view of the fact that it *1345 would have been a simple matter for the legislature to have inserted the word "judgment" when the statute was amended, I would construe the statute according to its literal verbiage and restrict its application to orders.
Accordingly, if the trial judge held that 42 U.S.C.A. § 659 supersedes Florida Statutes 222.11 and 222.12, as I conceive he did, I would reverse. If, on the other hand, he construed Florida Statute 61.12 as being applicable to judgments as well as orders, of which there is no evidence before us, I would also reverse on that holding.
NOTES
[1] Title 42 U.S.C.A. § 659

"Notwithstanding any other provision of the law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligation to provide child support or to make alimony payments."
[2] Florida Statutes 222.11 provides as follows:

"222.11 Exemption of wages from garnishment.  No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person."
[3] No issue was made before the trial court nor on this appeal as to whether or not in fact appellant is the head of a family residing in the State of Florida.
[4] "That all moneys or other things due to any person or public officer, State or county, whether the head of a family or not, residing in this State, when the money or other things is due for the personal labor or service of such person or otherwise, shall be subject to attachment or garnishment to enforce the orders or decrees of the courts of this State for alimony, suit money, or support or other orders or decrees made by the courts of this State in suits for divorce or alimony: * * *" Laws 1901, Ch. 4973, § 1.
[5] Gen.St. 1906, § 1937; Laws 1919, Ch. 7838, § 10, sub. 4; Rev.Gen.St. 1920, § 3200; Comp.Gen.Laws 1927, § 4992.
[6] As a caveat, it would be advisable for the applicant to apply to the trial judge first for an order authorizing the writ rather than seeking it directly from the clerk. Cf., Healy v. Toolan, 227 So.2d 55, 56 (Fla. 4th DCA 1969) (Concurring opinion, White, Assoc. J.).
[7] For example, § 65.05, pertaining to "Effect of decree of divorce upon children," was changed to "Effect of judgment of divorce on children." For similar changes compare § 65.08 to § 61.08; § 65.11 with § 61.11; § 65.15 with § 61.14 and § 65.20 with § 61.19.