GRIMES, Judge.
This is an appeal from a determination that an ex-wife was not entitled to garnish her former husband’s wages to collect two judgments for the support of herself and the children of the parties.
The history of this case prior to the garnishment proceedings is amply set out in our opinion in Busot v. Busot, 338 So.2d 1332 (Fla. 2d DCA 1976). In that decision we held that the separation agreement executed in Pennsylvania under which the appellant sought to recover a judgment for past-due support payments for her and the children was valid, and we reinstated the final judgment dated July 17, 1975, for $20,-200 which the court below had set aside on rehearing. Appellant then caused a writ of garnishment to collect the $20,200 to be served on appellee’s employer. Appellant also sought to reduce to judgment the sum of $5,850 owed to her from the date of the erroneous trial court ruling on the validity of the separation agreement to the date of the judgment was reinstated.[1] A judgment for that amount was granted to appellant on March 7, 1977, but the writ of garnishment served on appellee’s employer was dissolved because appellee had remarried and was now the head of a family. See Section 222.11, Florida Statutes (1975). The court held that neither the July 17, 1975, judgment for $20,200 nor the March 7, 1977, judgment for $5,850 was enforceable by a writ of garnishment because they were *1257 not of the character of orders described in Section 61.12, Florida Statutes (1975).[2]
Appellant argues that the judgment of July 17, 1975, is for child support and alimony so that garnishment is a remedy available to her under the statute. However, that judgment was not based on an action to enforce a decree or order of the court in a proceeding for dissolution, alimony or child support. The separation agreement had not been incorporated into the Pennsylvania divorce decree. The lawsuit upon which the judgment was based was an ex contractu action at law; the appellant merely sought to enforce the terms of the contract which the appellee had breached. The appellee, therefore, stands as any other judgment debtor; as the head of a household his wages cannot be garnished by a judgment creditor. Section 222.11, Florida Statutes (1975). Healey v. Toolan, 227 So.2d 55 (Fla. 4th DCA 1969).
The final judgment of March 7, 1977, for $5,850 may stand in a different light. Appellant argues that in the reinstated judgment of July 17, 1975, the court adopted and ratified the agreement between the parties and ordered the appellee to continue to make support payments under the terms of the agreement. Thus, appellant asserts that the judgment of March 7, 1977, for arrearages accruing from the date of the judgment of July 17, 1975, was a judgment of a court of this state for monies due on an order for child support and alimony which is collectible by a writ of garnishment pursuant to Section 61.12. On the other hand, the appellee contends that the court did not make the separation agreement a part of its order.
The final judgment of July 17, 1975, reads, in pertinent part, as follows:
4. The parties have agreed that relations between the father and the children shall be reestablished in a manner consistent with the best interest of the children, and such agreement is approved, ratified and adopted by this court, and made a part of this Final Judgment. Concurrently, the Defendant shall continue to make the support payments required by the separation agreement. The court specifically reserves jurisdiction to enforce the foregoing portion of this Order. (Emphasis added).
Admittedly, this paragraph is susceptible of more than one interpretation. It is not clear whether the court “approved, ratified and adopted” an agreement concerning the relations between the father and his children or whether the court “approved, ratified and adopted” the parties’ separation agreement. However, in view of the sentences emphasized above, we believe that the court intended to adopt and enforce the agreement for support of the wife and children. Therefore, the final judgment of March 7, 1977, was for monies due on a court order of the type described in Section 61.12, and the denial of appellant’s motion for the issuance of a writ of garnishment to enforce this judgment was in error.
We find no merit in appellee’s contention that arrearages of child support and alimony are not collectible by a writ of garnishment when such arrearages are reduced to final judgment. We agree with the majority position in Hall v. Air Force Finance Center, 344 So.2d 1340 (Fla. 1st DCA 1977), and hold that a final judgment for accrued child support and alimony due under a court order for the same is collectible by a writ of garnishment issued pursuant to Section 61.12. Accord, Clemons v. Morris, 350 So.2d 519 (Fla. 4th DCA 1977).
The order dissolving the writ of garnishment on the judgment of July 17, 1975, is affirmed. The order denying appellant’s motion for writ of garnishment to collect the March 7, 1977, judgment is reversed.
BOARDMAN, C. J., and RYDER, J., concur.

. The amended final judgment which this court reversed had directed the appellee to pay the appellant $300 per month child support. These sums were paid pending the first appeal. The $5,850 results from the difference between this $300 per month and the monthly payment of $600 per month required by the reinstated judgment of July 17, 1975.

. Section 61.12 provides in pertinent part:
So much as the court orders of the money or other thing due to any person or public officer, state, or county, whether the head of a family residing in this state or not, when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce the orders of the court of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support